Taylor v. Hosick, *Adm'r, &c.*

## O. B. TAYLOR v. JOHN HOSICK, *Adm'r, &c.*

1. PARTY—*Proper*—*Necessary.*  Where an administrator in pursuance of an order by the probate court sells certain lands belonging to the estate which he is administering, and the purchaser does not pay the purchase-money, and the administrator reports all the facts connected with the sale to the probate court, and the court, without notice to the purchaser, confirms the sale, but afterward, and without notice to the purchaser, sets the sale aside and orders a new sale, and the administrator then sells the land a second time and to a second purchaser, and the second sale is confirmed, and the administrator executes to said second purchaser a deed for the land, but said second purchaser neglects and refuses to pay the purchase-money, and the administrator then sues him therefor, *held*, that although the first purchaser may be a proper party to the action he is in no sense a necessary party.

2. DISCRETION OF COURT; *Granting Leave to Reply.*  Where the plaintiff was in default for want of a reply, and the case was called for trial, and the court allowed the plaintiff to file a verified reply, putting in issue the truth of the new matter alleged in the defendant's answer, and immediately proceeded with the trial over the objections of the defendant, but the defendant gave no reason why he did not wish to go to trial, *held*, that the whole matter was within the sound judicial discretion of the court, and as the defendant gave no reason why he did not wish to proceed with the trial, the court did not abuse its discretion by allowing the reply to be filed and immediately proceeding with the trial.

3. LETTERS OF ADMINISTRATION —*Irregularly Granted.*  Where a probate court has jurisdiction to appoint some person administrator, and makes an appointment by issuing letters of administration to a person not a relative or creditor of the deceased, and without citing any of the relatives or creditors to appear and either take or renounce the administration, *held*, that although the appointment may have been erroneous, yet that the letters of administration cannot be attacked collaterally, and especially not by a person who is neither a relative, nor a creditor of the deceased.

4. PROBATE COURT; *Notice of Application to Sell Lands.*  Where the probate court orders that notice of an application for an order to sell lands belonging to an estate shall be given to "all persons interested," etc., by publication in a newspaper, and notice is so published, and is directed to "all persons interested," etc., without giving the names of those interested and the probate court afterward considers the notice sufficient, and in pursuance thereof orders the sale to be made, *held*, that this court will consider the notice as sufficient.

5. —————— *Power to set aside Administrator's Sale.* The probate court has power to set aside an administrator's sale of real estate where the same ought to be set aside. And where an administrator sells real estate, and the purchaser does not pay the purchase-money, and the report of the administrator shows all the facts connected with the sale, and the probate court, without notice to the purchaser, confirms the sale, and the purchaser then not only neglects but refuses to pay the purchase-money, the court may then in its discretion, and without notice to the purchaser, set aside the sale and order another sale to be made.

## *Error from Leavenworth District Court.*

Action by *Hosick,* as administrator, to recover from *Taylor* the purchase-money due for certain lands sold to him at administrator's sale. One *P. F. Meagher* was joined as a co-defendant. *Taylor* answered, setting up several defenses, (*vide* brief of plaintiff in error.) *Meagher* demurred, and his demurrer was sustained, and the action dismissed as to him. Trial at the February Term 1873. Findings and judgment for *Hosick,* and *Taylor* appeals from the order dismissing the action as to *Meagher,* and from the judgment against himself, and brings the case here by petition in error.

*Clough & Wheat,* for plaintiff in error:

Taylor's answer to the amended petition, was, first, a general denial. A second defense among other things stated that Mitchell left no wife or child, or other descendants surviving him, but that he did leave surviving him several brothers and sisters, residents and inhabitants of said county, and that neither of them ever renounced administration of said estate, and that they were not any of them ever cited for that purpose, and that said Mitchell left several creditors, citizens, residents and inhabitants of said county, and that said Hosick was not next of kin, to or of said Mitchell, nor a creditor, and that said probate court never had or acquired jurisdiction to appoint Hosick. A third defense, was, that one P. F. Meagher claimed that he and Mitchell were partners, and bought said lots with their partnership funds, and continued doing business as such till the death of Mitchell, and that said

business is still unsettled; and that said Meagher was not cited or required by said probate court to give bond as surviving partner, and that Meagher was an inhabitant of said county; that Hosick as such administrator, on the 6th of November 1869, in pursuance of the orders of the probate court, sold said undivided-half of said lots 29 and 30 to said Meagher for $325, and that said probate court had approved and confirmed said sale to said Meagher, and ordered said Hosick as such administrator to make a deed to said Meagher therefor as said purchaser thereof, and that Meagher claims that he paid said $325 to said Hosick and is entitled to such deed, and that Meagher was in possession as such partner and purchaser, etc. By a fourth defense Taylor set up defects in the proceedings under which the property was sold. This answer was filed on the 3d of January 1872. More than a year afterward, to-wit, on the 5th of March 1873, said Hosick with leave of said district court filed a verified reply to said answer, and then Taylor asked to have the counterclaims, causes of action and for relief, set up in his said answer, taken as true against his co-defendant *Meagher*, but the court overruled his motion in that respect, and dismissed the case as to Meagher. And then, on that 5th of March, the cause was called for trial, but Taylor announced that he was not ready, and objected to the trial then being proceeded with, but said court overruled his objection, and the trial was then proceeded with, and was concluded on that day.

1. From the findings of the court it appears that Hosick, as administrator, sold said lots to said Meagher; that afterward such administrator petitioned said probate court to set said sale aside, and for leave to re-sell, because said Meagher had refused to pay the purchase-money aforesaid, and that said probate court then ordered that said administrator proceed and sell the interest of the deceased in and to the undivided-half of said lots, but that said order was made without any notice to or appearance by Meagher. As we understand that order, the sale to Meagher was not set aside, but said probate court, without notice to Meagher or any other person,

on Hosick's application, concluded it would be a good thing
to re-sell said undivided-half of said lots, and therefore or-
dered Hosick to do so.   We submit, said probate court had
not power or jurisdiction to make that order; we claim that
it could not have set said sale aside at that time after having
as aforesaid confirmed said sale to Meagher, otherwise than
in a proceeding instituted under §§ 568 to 576 of the code of
1868; but whether it could or not, we submit that after so
confirming said sale and ordering said Hosick, as such admin-
istrator, to make a deed of the property sold to said Meagher,
it could not again order the property sold.   As the said Ho-
sick complied with the requirements of law in the matter of
so selling said lots, when said probate court so confirmed said
sale said Meagher became entitled to a deed from said Hosick
for said undivided-half of said lots.   Of course, there is no
power in the probate court to make or direct a second sale of
real estate of a decedent, after having confirmed the first sale,
and ordered a deed to the purchaser.   The statute only
authorizes the sale of a decedent's real estate; it does not
authorize the probate court to sell lands a second time because
of nonpayment of purchase-money.

And we further submit, that even if said probate court had
pretended to set said sale to Meagher aside, its order in that
respect would have been void, both for want of notice to
Meagher, and because the power of that court in the premises
was exhausted by the orders in pursuance of which the prop-
erty had been sold to Meagher.   Whether Meagher had paid
the purchase-money to Hosick or not, was immaterial, and
furnished no reason for ordering a re-sale. (*Ferguson v. Tutt,*
8 Kas., 370.)   And if we are right in claiming that such
nonpayment of the purchase-money was not a sufficient rea-
son for ordering a re-sale, it follows that said order of the
11th of November, 1869, ordering a re-sale, was void, be-
cause the petition that day filed on which said order was
made does not present or show such a case as is required to
give that court jurisdiction to order a sale of land, and no
power was ever given it to order a re-sale after confirmation.

That orders of sale of the probate court are void unless a sufficient petition therefor is presented to it, see 27 Texas, 491; 20 Cal., 312, 352; 2 Ohio St., 223; 28 Md., 338, 355; 34 Miss., 304; 38 Mo., 435; 36 Penn. St., 166; 4 Allen, 359; 35 Ala., 553; 33 Barb., 176; 16 Ill., 548; 4 Peters, 466. If Meagher did not pay so soon as he ought to have done, the only remedy for such nonpayment was a suit for the purchase-money in any court having jurisdiction of the subject-matter thereof.

2. It further appears from the findings that said lots were resold to Taylor, Dec. 18th 1869, and that Hosick delivered the deed to Taylor; but it appears that Taylor has not asserted any right to said lots, nor any interest therein. We submit that this last-mentioned sale is void because of the objections to the said order for a resale, and for the reason that Hosick had already once sold the same property under the order of 30th September, 1869, and thus exhausted his power in that respect. If for any reason said sale to plaintiff in error is void, then Hosick could not recover the purchase-money. 38 Maine, 47; 22 Mich., 360; 41 Miss., 460; 1 S. & M., 219; 41 Ill., 363.

3. We claim that the judgment in favor of Hosick, as such administrator, and the judgment dismissing the suit as to Meagher, ought to be reversed for error occurring at and before the trial. We submit that under the circumstances of this case, Meagher was a proper party defendant, and that justice required that any rights and claims of his to said undivided-half of said lots 29 and 30 should have been determined in the action, before rendering judgment against Taylor for the purchase-money thereof. The question involved in the action was whether Hosick, as such administrator, sold the property to Taylor, which he did not do if the sale to Meagher remained a valid sale, nor if said lots were partnership property of Mitchell and Meagher, and of course Meagher was a necessary party to a complete determination or settlement of those questions; not only so, but if the judgment in favor of Hosick remains unreversed, those two questions, in-

cluding the question as to whether Meagher did or did not pay for the property so sold to him, or made improper default in the performance of his contract of purchase or not, remains an open question as to, and so far as Meagher is concerned. And we submit that justice requires that those questions should be settled and determined as to Meagher, before Taylor is required to pay.

4. Under § 118, page 455, Gen. Stat. 1868, the probate court, on the 9th September, 1869, required that all persons interested in said estate be notified of the application made by Hosick for the sale of said property by publication, etc. The notice is simply "to all persons interested"—to no one by name; and therefore we submit it was not such a notice as required by the order of 9th of September, and therefore we submit that the order of sale made on the 30th of September was void. There is no notice to, or appearance by Meagher shown. 7 Kas., 415; 9 Kas., 328, 390.

5. Hosick was permitted to give evidence of his appointment and qualification as administrator; but the court refused to permit Taylor to sustain his second defense by proof, or to collaterally attack the appointment of Hosick. We submit that the probate court has not power to appoint any person it chooses, administrator, in cases where the decedent has relatives residing in the county of his residence, until after those first entitled to administration have been cited as required by § 12, page 432, Gen. Stat. 1868. By said second defense it is among other things alleged that Hosick was neither creditor, next of kin, nor any relative of the decedent, and that said probate court did not acquire jurisdiction to make the appointment. There is nothing in the case to show that Hosick was in anywise interested in the estate, and there was no allegation in the petition of any citation or renunciation by those first entitled to administration. Hosick's appointment was void, and it was competent for Taylor to show it, and we rely thereon as a reason why the sale to him was void. In this connection see 19 Md., 1, 4; 41 Miss., 49; 41 Ill., 363; 4 Allen, 410; 36 Georgia, 236, 440; 28 Md., 408.

6. Hosick failed to reply within time, but waited until the case came on for trial, and then put in a verified general denial with leave of the court, to which Taylor excepted, and the court then on that same day caused the trial to be proceeded with on the issues between Hosick and Taylor. We submit that it is contemplated by the code and its amendments, (see §§ 105, 128, 313, 314 and 315 of the code, and §§ 3, 4 and 5, pages 277 and 278 of the Laws of 1871,) that a defendant should have a few days' time in which to prepare for trial after the filing of a reply; and we submit that it was an extreme abuse of the discretion of the court, and a great irregularity in its proceedings, for it to permit said reply to be filed out of time, and then on the same day to force Taylor to a trial of the issues made by the filing of that verified reply. Of course the presumption of law is that Taylor was thereby prevented from having a fair trial. *Mallory v. Leiby*, 1 Kas., 97, 102; *Irwin v. Paulett*, 1 Kas., 418.

*Hurd & Birnie*, for defendants in error. (No brief on file.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by John Hosick, administrator *de bonis non* of the estate of David N. Mitchell deceased, against O. B. Taylor, for $700 and interest. The principal facts upon which the action is founded are substantially as follows: David N. Mitchell, a resident and property holder, died intestate in Leavenworth county March 7th, 1868. On June 24th next following the probate court of said county appointed John Hosick administrator *de bonis non* of the estate of said Mitchell. On September 30th 1869, the probate court, on the application of the administrator, ordered certain real property belonging to the estate, among which was the undivided-half of lots 29 and 30 in block 78, in Leavenworth City, to be sold for the purpose of paying certain debts due from the estate which could not otherwise be paid. In pursuance of said order said lots were sold November 6th 1869,

*Statement of the case.*

P. T. Meagher being the purchaser, and the sale was confirmed on the same day. But Meagher neglecting and refusing to pay the purchase-money, the probate court on November 11th 1869, on the application of the administrator, ordered the property to be again sold. The property was this time sold to O. B. Taylor, December 18th 1869, for $700. On the same day the sale was confirmed by the probate court, and immediately the administrator executed a deed to Taylor for the property and delivered it to him on the same day; but Taylor has never yet paid the purchase-money for the property. Hence this action was brought, and is now prosecuted by Hosick as administrator against Taylor for the recovery of said purchase-money. At first Hosick filed his petition in the court below against Taylor alone, but afterward he filed an amended petition making both Taylor and Meagher parties defendant. Taylor filed an answer to this amended petition, setting up new matter. The court gave Hosick and Meagher until January 20th 1873, to reply to this answer. They did not however reply within that time. Indeed, Meagher never filed any pleading of any kind, except a demurrer to the plaintiff's petition, which demurrer was sustained by the court. On March 5th 1873, the case was called for trial. Hosick's petition had not been amended since the court had sustained Meagher's demurrer thereto, and neither Hosick nor Meagher had replied to Taylor's answer. The court then dismissed the action as against Meagher, and both Hosick and Taylor excepted. The court then allowed Hosick to file a reply to Taylor's answer, verified by affidavit, and Taylor excepted. The court then proceeded with the trial of the case, over the objection of Taylor, and Taylor excepted. During the trial Taylor raised the following questions: That Hosick's letters of administration were not rightfully granted, and therefore all that Hosick had done as administrator was void; that the notice of the application for the sale of said property to pay debts was insufficient, and therefore that all the subsequent proceedings connected therewith, including both sales, were

void; that the first sale was valid and subsisting when the order for the second sale was made, and therefore that the order for the second sale and the second sale itself were both void. All the rulings of the court below on these various questions were against Taylor, to which rulings Taylor duly excepted, and now assigns the same for error in this court.

I. Although Meagher may have been a proper party to this action, we do not think that he was in any sense a necessary party. He has no possible interest in the $700 in controversy between Hosick and Taylor; and there is no possible defense which Meagher alone, or Meagher and Taylor together could interpose to defeat Hosick's claim, which Taylor alone could not with at least equal propriety and equal effect interpose.

1. Party—proper party, not always a necessary party.

II. The court in its discretion had a right to allow said verified reply to be filed after the time for filing the same had elapsed, and also in its discretion, as we think, had a right to immediately proceed with the trial. The reply was only a general denial, simply putting in issue the truth of Taylor's answer; and if Taylor was then as ready to prove the facts alleged in his answer as he ever could be, it would not seem that there could be much reason for him to complain of the ruling of the court. But he did not claim that he could ever be any better prepared to prove his answer than he then was. Nor did he claim that he could ever be better prepared to disprove the allegations of the plaintiff's petition than he then was. Indeed, he did not even claim that he could ever be any better prepared in any respect for trial than he then was. He gave no reason why he did not wish to proceed immediately with the trial. Hence we think there was no abuse of judicial discretion in proceeding immediately with the trial.

2. Discretion of court. Filing pleadings out of time.

III. The probate court unquestionably had a right to appoint some person administrator. The facts already stated gave the court jurisdiction. But it is claimed that the court should have appointed a brother, sister, or creditor of the deceased; or that the court should have cited all the broth-

ers, sisters, and creditors of the deceased to appear, and take or renounce the administration, before the court could appoint Hosick. As the brothers and sisters of the deceased were his nearest kin living, the court should have done as Taylor claims; and if the court did not do so, then the brothers, sisters, or creditors of the deceased would, in a proper proceeding, have a right to complain. But still these are not jurisdictional matters. Even if the probate court erred in the appointment of Hosick, still the appointment is valid until set aside by proper authority, and in a proper proceeding. The appointment cannot be attacked collaterally, as Taylor now attempts to do, and especially not by himself, who is neither a relative nor a creditor of the deceased. Letters of administration can be attacked collaterally only when the probate court for some reason has no jurisdiction to make the appointment, and never when the court has merely committed an error by appointing one person (who is eligible) when the court should have appointed some other person.

IV. It is claimed that the notice of the application for the sale of the said property was insufficient, because, as Taylor *4. Notice of application to sell lands.* claims, it did not follow the order made by the probate court. The order was, "that all persons interested in said estate be notified of said application by publication of a notice in some newspaper," etc. The notice published under this order was directed to "all persons interested in the estate of David N. Mitchell, deceased," etc. Taylor claims that the notice should have given *the names* of all the persons to whom it was directed. The probate court however considered this notice to be sufficient, and in pursuance thereof ordered both the first and the second sale thereunder. We therefore think it was sufficient. (General Stat., 455, ch. 37, § 118.)

V. We think the order of the probate court directing that the property should be sold a second time was valid. It is claimed that said order was and is void, first, because the first sale was valid, and because the probate court has no

power in any case to order a second sale to be made; second, because no notice of the application for the order was previously given to Meagher; third, because the first sale was not set aside before the second sale was ordered, but is still subsisting and in full force.

First: It must be recollected that Meagher, the purchaser at the first sale, never paid the purchase-money. The administrator substantially reported this to the probate court when he made his return of the sale. The administrator did not report that "the purchase-money had been paid," but on the contrary reported, "that the parties are now ready to pay said sum of money upon delivery to them of deeds," etc., plainly showing that the purchase-money had not yet been paid when he made his report. And upon this return the probate court confirmed the sale. Now a court that has

5. Power of probate court to set aside administrator's sale.

power to confirm a sale, as the probate court in this state has, (Gen. Stat., 457, § 132,) we should think undoubtedly has the power to refuse to confirm in cases where the sale should not be confirmed; and when a court has erroneously or unadvisedly confirmed a sale, it undoubtedly has the power to set the confirmation aside; and when the court has rightly either refused to confirm a sale, or has set the confirmation aside, it undoubtedly has the power to order another sale. These propositions seem to us self-evident. The court in every case undoubtedly has the right to treat the sale as not a completed sale, or indeed substantially as no sale, until the purchase-money has been paid or tendered. And if the court should at any time before that time be of the opinion that the sale should be set aside, it would undoubtedly have the power to set it aside merely for reason that the purchase-money had neither been paid nor tendered. Until the purchase-money is paid or tendered, the whole matter probably rests in the discretion of the court; and the court may as it chooses (exercising a sound judicial discretion,) hold the sale as valid, or set it aside.

Second: No notice was ever given to Meagher, or to any one else, that the sale would be confirmed; and as Meagher

never completed his purchase by paying or offering to pay the purchase-money, he had no right to expect, certainly none to demand, that the sale should ever be confirmed. He forfeited his rights by refusing to pay the purchase-money. And as the sale was confirmed without notice to Meagher, and as he had no right to ask that it should be confirmed, it might properly be set aside without any notice being given to him. Of course, if Meagher had at any time, before or after the confirmation, paid or tendered the purchase-money, then the sale could not have been set aside without notice to him, and without some good reason for setting it aside being given. In cases of this kind we think it is better for the administrator and probate court to have the power to either set aside the sale and sell again, or to sue the purchaser for the purchase-money, as they may think best.

Third: We think that the first sale was in fact set aside. It is true, that it was not done in very explicit terms, but the petition of the administrator asked that the sale should be set aside and a new sale ordered, and the court in pursuance of said petition ordered the new sale.

The judgment of the court below is affirmed.

All the Justices concurring.