D. C. Brubaker, *et al.*, v. Thomas P. Jones, *et al.*

23   411
60   553
23   411
65   491

1. Probate Court, *Power of; Administrator, Valid Appointment of.* Where an inhabitant of a county dies intestate, leaving an estate to be settled, the probate court of such county has power to appoint an administrator for such estate, and it is immaterial how the probate court ascertains these facts. When these facts exist, and the appointment is made, the appointment will be held to be valid, when attacked collaterally, although the probate court may have made some mistakes in making the appointment. And when letters of administration are issued, such letters will be held to be *prima facie* evidence of all facts necessary for the validity of such letters. Where the words "in vacation" are used at the top of the record of the appointment, these words will not invalidate the appointment, where the record clearly shows that the appointment was made by the probate court.

2. Administrator's Sale and Deed, *Valid.* Where the administrator's notice of the sale of real estate does not state the terms of the sale, whether for cash or on credit, but closes as follows: "The said lands are offered for sale in pursuance of an order of sale of the probate court of said county, the same being necessary to pay the debts of said estate. Terms made known on day of sale;" and it is not shown whether said terms were made known on the day of sale or not, but the property seems to have been sold at a fair price for cash, or at least no complaint was made to the contrary, and the sale was confirmed by the probate court, and an administrator's deed was executed and recorded, and the purchaser took possession of the property and held it for six years, before any complaint was made, *held*, in an action by the heir to eject the purchaser, that said sale and deed will not be held to be invalid because of the said failure of the administrator to state the terms of the same in his notice.

3. ———— *Valid Deed.* In an administrator's deed the administrator used the words "probate judge" instead of "probate court." *Held*, Under the facts of this case, that the mistake of the administrator in the use of said words did not invalidate the deed.

### *Error from Allen District Court.*

Action in the nature of ejectment, brought by *Brubaker* and two others against *Jones* and another, to recover certain real estate. The nature of the action, and the facts, appear in the opinion. Trial at the February Term, 1879, of the district court, and judgment for the defendants. The plaintiffs bring the case here.

*G. P. Smith,* for plaintiffs in error.

*Cates & Keplinger,* and *John R. Goodin,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of eject-ment, brought by the heirs of Franklin Brady, deceased, to recover certain lands which had formerly belonged to Brady, but which had subsequently been sold and conveyed by Brady's administrator to the present defendants. The de-fendants have been in possession of a portion of the land since 1871, under an administrator's deed, recorded August 24, 1871, and of the other portion thereof since 1872, under another administrator's deed, recorded August 19, 1872. The plaintiffs claim that said sale and conveyance are void for various reasons, which we shall now proceed to consider.

I. The plaintiffs claim that the appointment of said ad-ministrator was void, and they urge several reasons therefor, none of which, however, are sufficient, and none of which require any consideration in detail. That Brady was an inhabitant of Allen county, and died intestate, leaving an estate to be settled, are undisputed facts, and these facts are sufficient to give the probate court of Allen county jurisdic-tion to make the appointment. Whether the probate court adopted the right procedure or not in ascertaining these facts, or in making the appointment, or whether the court appointed the right person or not, are wholly immaterial questions in this controversy. These questions cannot be raised in the col-lateral manner in which the plaintiffs now seek to raise them. (*Taylor v. Hosick,* 13 Kas. 518.) The statute does not anywhere prescribe how the jurisdictional facts shall be ascertained; hence the probate court may ascertain them as best it can; and if it ascertain them correctly, that is all that is required. All that is really necessary is, that the jurisdictional facts shall exist as facts; and how the court ascertains them is wholly immaterial. And when the court ascertains these

facts and makes the appointment, the letters of administra-
tion are themselves *prima facie* evidence of such facts. It
has already been held by this court that the grant of the
letters was *prima facie* evidence of the death of the person
on whose estate they were granted. (*Seibert v. True,* 8 Kas. 52.)
In fact, letters of administration, not void upon their face,
are always *prima facie* valid. They will prove *prima facie*
all facts necessary to be proved in order to make them valid.
Now there were no facts proved in this case (except the use
of the words "in vacation" in one place as hereinafter men-
tioned) having the slightest tendency to show that these letters
were invalid. On the contrary, all the facts (with said one
exception) tended to show that they were valid. It is said,
however, that the probate court did not make the appoint-
ment, but that the appointment was made by the probate
judge. The record, however, of the appointment shows be-
yond all doubt that the appointment was made by the probate
court. In every instance the record of such appointment uses
the word "court," and does not use the word "judge." At
the top of the record, however, the words "in vacation," as
well as the words "probate court," are used. This, however,
merely shows that the appointment was not made at a "regu-
lar term" of the probate court. Section 3 of the act respect-
ing probate courts provides for holding four "regular terms"
of the probate court each year, and also provides that "the
probate court shall, *at all times,* be considered open for the
granting of letters testamentary and of administration." (Comp.
Laws of 1879, p. 326.) The probate court in Kansas consists
of one single judge, and of no other person. So when such
judge is present, the whole court is present. This appoint-
ment was evidently made by the probate court, but not at a
regular term. And here we would say, once for all, that
everything that was required to be done in this case before
or by the probate court, as a court, was so done and so shown
to be done, although in some of the papers made out by the
administrator, the administrator speaks of something being
done by the "probate judge," instead of by the "probate

court." But when the administrator says that he filed a paper in "the office of probate judge," or that a certain matter was to be heard at "the office of the probate judge," it can hardly be said that he there used incorrect language, although the paper was in fact filed for the use of the probate court, and the matter was in fact to be heard by the probate court.

II. The notice given by the administrator of the sale of said land closes as follows: "The said lands are offered for sale, in pursuance of an order of sale of the probate court of said county, the same being necessary to pay the debts of said estate. Terms made known on day of sale." Whether the terms of sale were in fact made known on the day of sale or not, is not shown, but probably they were; and the property seems to have sold at a fair price, and for cash. At least, no one complained of the sale, and it was confirmed by the probate court. The only objection to the above notice is, that it does not state the terms of the sale. This was an irregularity, (Comp. Laws of 1879, p. 425, § 129,) but we do not think that the sale should be held to be absolutely void on account thereof. If any harm resulted therefrom, the party injured should have resisted the confirmation of the sale, and should have moved to set aside the sale, or should have commenced some proceeding whereby equity could have been done to the purchaser, who paid his money in good faith, as well as to the other party. Probably, however, no harm was done by this irregularity, and no court of equity would have set the sale aside.

III. The plaintiffs claim that the administrator's deed was and is void, and this claim is made upon the ground that the administrator in drawing the deed used the words "probate judge" in every instance, where he should have used the words "probate court." Is this mistake of the administrator fatal? As before stated, the probate court in Kansas consists of one single judge alone, and this judge is the probate judge. The probate judge, whether acting as a judge or as a court, is his own clerk, and has no sheriff, bailiff or other

officer connected with his court. (Const., art. 3, § 8.)    He
holds four regular terms of the probate court each year, but
his court is always open for the granting of letters testamen-
tary and of administration, and it is always open for "the
transaction of such other business as is not required by law
to be transacted in term time," and the probate judge has the
"power to hold as many special or adjourned terms [of the
court] as the business thereof may require," (Comp. Laws of
1879, p. 326, § 3,) and these special or adjourned terms may
be held without giving any previous notice to any person —
that is, while special business may require a notice to be
given to the parties interested, yet no notice is required to
enable the court to hold a special or adjourned term of the
court.    Whenever the judge is present, the whole court is
present, clerk and all, and he may hold a special term of the
court if he sees proper.    This has reference to the law as it
existed prior to February 22, 1872.    Since that time the
court has always been open (except certain Sundays) for all
business which could come before it. (Laws of 1872, p. 266;
Comp. Laws of 1879, p. 326, § 6.)

There were two administrator's deeds in the present case,
one of which was executed August 22, 1871, and the other
was executed August 19, 1872.    All the proceedings men-
tioned in the second deed were had after said law of 1872
took effect, and the proceedings mentioned in the other deed,
before.    With regard to the settlement of decedents' estates,
and in probate matters, the phrases "probate judge" and
"probate court" are nearly synonymous; the probate judge
is nearly always the probate court, and the probate court is
always the probate judge.    There are very few cases in the
settlement of decedents' estates where the probate judge can
act merely as a probate judge.    In nearly all cases he must
act as a court.    The plaintiffs have not pointed out a single
instance where the probate judge can act in the settlement of
decedents' estates, or in probate matters as merely a probate
judge.    From the foregoing, it will be seen that it would be
almost impossible that any person could be misled by the

use of the words "probate judge," instead of "probate court," in said administrator's deeds. We think the deeds are valid. The judgment of the court below will be affirmed.

All the Justices concurring.