JENNIE BLODGETT *et al.* v. MARY YOCUM.

No. 16,146.

SYLLABUS BY THE COURT.

1. DEEDS—*Fraud—Undue Influence.* In an action between the heirs of a deceased person for the recovery of real estate to which the defendants claimed title by virtue of conveyances executed by the deceased in her lifetime the court instructed the jury that, in deciding whether or not the deceased was of sound mind or was unduly influenced at the time of making the deeds in question, they had the right to take into consideration the reasonableness or unreasonableness of her act in making the deeds; and if they believed that a woman of sound mind would not have been likely to do such an act in the free exercise · of her judgment, discriminating against one daughter in favor of another daughter and her family, then they had the right to infer from the act itself that undue influence was used to secure the deeds, though not bound to do so. *Held,* error. A person of sound mind who is not unduly influenced may make such disposition of his property as he desires, without regard to its fairness or unfairness.

2. EJECTMENT—*Misjoinder of Actions.* In an action of ejectment, brought for the recovery of several distinct and separate parcels of land, where the plaintiff's title as to all the defendants is the same, and the answer sets up a misjoinder of causes of action because some of the defendants claim separate interests in separate portions of the real estate, but admits that all the defendants are in possession of all the real estate, the misjoinder furnishes no ground for objection to the in-

troduction of testimony on the trial or for a demurrer to the evidence; and where in such a case none of the defendants asks for a severance or a separate trial, and the action proceeds as though there was no misjoinder, it will be regarded as immaterial.

Error from Reno district court; PETER J. GALLE, judge. Opinion filed July 3, 1909. Reversed.

*F. F. Prigg,* and *C. M. Williams,* for the plaintiffs in error.

*Frank L. Martin,* for the defendant in error.

The opinion of the court was delivered by

PORTER, J.: Mary Yocum and Jennie Blodgett are daughters and only heirs of Ann Ruddicks, deceased, who in her lifetime was the owner of real estate in Reno county, consisting of town lots in Arlington and a quarter-section of farm land. The plaintiff, Mrs. Yocum, brought this action against her sister to recover a one-half interest in the real estate. The other defendants are the husband of Jennie Blodgett and their children.

The defendants answered admitting that Ann Ruddicks owned the real estate in her lifetime, and alleging that she died on the 30th day of December, 1906; that on September 1, 1900, she executed a will, afterward duly probated, by which she devised a life-interest in the town lots to defendant Jennie Blodgett, with remainder to the latter's heirs; that on the 27th day of February, 1902, she executed a warranty deed conveying to Jennie Blodgett eighty acres of the land, reserving to herself a life-estate therein, and on the same day executed another warranty deed conveying to Jennie Blodget a life-interest in the other eighty acres, with remainder in forty acres thereof to William C. Blodgett and in the other forty acres to George H. Blodgett, children of Jennie Blodgett.

The reply admitted the execution of the will and the

conveyances referred to in the answer, but attacked both as having been executed when Ann Ruddicks was of unsound mind, and alleged that both the will and the deeds had been obtained from her by the undue influence of the defendants.

The cause was tried to the court and a jury, and a verdict rendered for the plaintiff as to the farm land and for the defendants as to the town lots. Judgment was rendered in favor of plaintiff for an undivided one-half interest in the farm land, adjudging the deeds executed by Ann Ruddicks in her lifetime void and of no effect, and further adjudging that the last will and testament of Ann Ruddicks was valid and that the title to the town lots passed thereby to the defendants. Of this judgment the defendants complain.

Numerous errors are assigned; we shall consider but two of them. It is claimed that the court erred in giving the following instruction:

"(5) The court instructs the jury that, in deciding whether or not Ann Ruddicks was of sound mind or was unduly influenced at the time of making the deeds in question, you have a right to take into consideration the reasonableness or unreasonableness of her act in making said deeds; and if you believe that a woman of sound mind would not have been likely to do such an act in the free exercise of her judgment, discriminating against one daughter in favor of the other daughter and her family, then you have a right to infer from the act itself that undue influence was used to secure said deeds, though not bound to do so."

This instruction was erroneous. It practically told the jury that if they regarded the disposition which the deceased made of her property as unreasonable they might infer that at the time she executed the deeds she was of unsound mind or unduly influenced, or both. In the instruction immediately following the court correctly informed the jury that a person of sound mind and not under undue influence has a right to dispose of his property as he desires. The fifth instruction is in direct conflict with this well-settled proposition. The

one destroys the other.  A person of sound mind who is not unduly influenced may make such disposition of his property by deed or will as he desires, without regard to its fairness or unfairness.  He may give to one child the bulk of his property and cut the other off with a shilling.  The instruction, however, authorized the jury to consider whether they would have made the same disposition of their property under the same circumstances; and, if they concluded that the disposition she made was unfair or unreasonable, it authorized them to infer from that fact alone that she was unduly influenced when she executed the deeds.  This is not the law.  The privilege a person has to dispose of his property as he pleases would be a vain thing if it could be frittered away by giving to a jury the right to say that he was of unsound mind or unduly influenced because they regarded the disposition he had made of his property as unfair or unreasonable.  This instruction singles out and lays stress upon the fact that one member of a family has been discriminated against in favor of another.  Juries are prone to take matters of this kind into consideration without having their attention specially directed thereto.  The particular vice of the instruction, however, is that it authorized the jury in case they regarded the disposition made of her property as unfair or unreasonable to infer from that fact alone that she was unduly influenced in the execution of the deeds.

As the cause must be reversed and a new trial ordered, there remains to be considered a question of misjoinder.  Before the answer was filed the petition contained a cause of action in which it was sought to set aside the deeds of conveyance made by Ann Ruddicks on the ground that they had been obtained by undue influence and because she was of unsound mind.  The averments with respect to the deeds were general in character and did not disclose a misjoinder of causes of action.  A motion to make more definite and certain

was directed to the petition, and thereupon the plaintiff dismissed this cause of action. The defendant then answered pleading the conveyances, and alleging among other defenses that there was a misjoinder of causes of action and of parties for the reason that some of the defendants were interested in portions of the real estate but were not interested in other portions thereof. In her reply the plaintiff alleged that the deeds were void because they had been obtained by undue influence and because Ann Ruddicks was of unsound mind when she executed them. At the trial the defendants objected to the introduction of testimony on the ground of misjoinder, which objection was overruled. At the close of the plaintiff's evidence they demurred for the same reason, and the demurrer was likewise overruled. They now insist that there was error in both rulings. In this connection considerable stress is laid upon the fact that in offering her testimony the plaintiff proceeded, first, to attack the validity of the conveyances by attempting to prove that Mrs. Ruddicks was of unsound mind and had been unduly influenced when she executed them. The defendants therefore treat the action as one to set aside the deeds, and urge that the case was tried by the plaintiff upon precisely the same theory as though her third cause of action had not been dismissed.

The plaintiff had the right to dismiss the cause of action in which she sought to set aside the deeds, and she was obliged to reply and set up any new matter upon which she relied to avoid the effect of the conveyances pleaded in the answer.

The petition was in ejectment, and showed on its face no misjoinder. It alleged that the plaintiff was the owner in fee simple of the undivided one-half interest in all the real estate; that Jennie Blodgett and her husband, together with the other defendants, their children, were in the actual possession of all of it and deprived the plaintiff of her possession. If the answer

Blodgett v. Yocum.

disclosed a misjoinder of causes of action it did not thereby deprive the court of jurisdiction to try the case nor furnish ground for objection to the introduction of testimony, which can only be based upon the theory that no cause of action is stated. The demurrer to the evidence only raised the question whether the plaintiff had made a *prima facie* case against the defendants.

There is no such thing known to our practice as a misjoinder of parties, but we assume that the defendants mean by this a misjoinder of causes of action, since they use the two expressions interchangeably. The code of procedure in force at the time the case was tried provided that where a demurrer was sustained to a petition on the ground of misjoinder of causes of action it became the duty of the court, on the motion of the plaintiff, to allow him to file several petitions, and the action then proceeded without further service. (Civ. Code, § 92.) The new code dispenses with this ground of demurrer to a petition. (Laws 1909, ch. 182, § 93.) In this case the defense of misjoinder was not raised by demurrer, and there was no motion or request on the part of the plaintiff to file several petitions; nor did any defendant who claims that his or her rights were affected by the misjoinder ask for a separate trial or for a severance. On the contrary, all the defendants joined in the same answer and admitted that they were in the possession of all the real estate. The plaintiff claimed an interest in the property as an heir of her mother, and her title was the same as to all the defendants. The misjoinder shown by the answer was at the most technical, and furnished no ground for objection to testimony or for a demurrer to the evidence. The court still had jurisdiction of the parties and of the action and could provide in its decree for the protection of the rights of all parties. Since none of the defendants asked for a separate trial, or claimed to have been made liable for unnecessary costs, we are at a loss to see how their rights could have been preju-

diced notwithstanding the misjoinder was pleaded in the answer; and, since none of the objections made upon the trial required the court to take any affirmative action with respect to the misjoinder, it must be regarded as immaterial.

The order in which the plaintiff's proof was submitted did not make the action one to set aside the conveyances, and the cause was therefore a proper one for submission to a jury. The rights of the parties were not affected by the fact that the plaintiff offered her evidence for the purpose of defeating the conveyances in chief instead of in rebuttal.

Because of the error in the instruction the judgment is reversed and a new trial ordered.