John Ekblad, *as Administrator, etc., Appellee,* v.
John F. Hanson, *Appellant.*

No. 17,219.

SYLLABUS BY THE COURT.

1. Administrators — *Appointment — Collateral Attack — Fore-closure of Mortgage.* In an action by an administrator to recover upon a note and to foreclose a mortgage forming a part of the assets of the estate in his hands for administration the maker of the note and mortgage can not defeat recovery on any of the following grounds: (*a*) That the person appointed administrator was not related to or a creditor of the decedent and was appointed in less than thirty days after the death without citing eligible next of kin, who took no part in the probate proceeding, to appear and take or renounce administration; (*b*) that the action was begun without an order from the probate court; (*c*) that the money due on the note and mortgage was not needed for the payment of debts and one of the heirs desired them to be set off to him by an order of distribution.

2. Mortgage—*Foreclosure—Filing Note and Mortgage Waived.* A court rule requiring the note and mortgage sued on in a foreclosure case to be filed before judgment is entered is waived by the confirmation of a sale made under a judgment entered before the instruments were filed.

3. Taxes—*Paid from Proceeds of Foreclosure Sale.* It is the duty of the court to require taxes due on land sold at a foreclosure sale to be paid out of the proceeds of the sale although no provision to that effect was inserted in the judgment.

Appeal from McPherson district court. Opinion filed October 7, 1911. Affirmed.

*John F. Hanson,* for the appellant.
*Frank O. Johnson,* for the appellee.

The opinion of the court was delivered by

Burch, J.: Ekblad, as administrator of the estate of Hanna Linderholm, deceased, brought suit to recover upon an overdue promissory note, and to enforce a real-estate mortgage given the decedent by John F.

Hanson. Judgment was rendered for the plaintiff on the note, the mortgage was foreclosed, the property covered by the mortgage was sold pursuant to the judgment, and the sale was confirmed. The defendant appeals and attacks the proceedings on various grounds.

It is urged that the plaintiff had no capacity to sue because his appointment was void.

The act relating to the appointment of executors and administrators provides as follows:

"Administration of the estate of an intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled thereto in the following order, to wit:

"First, His widow, or next of kin, or both, as the court may think proper; and if they do not voluntarily either take or renounce the administration within thirty days after the death of the intestate, they shall, if resident within the county, upon application of any one interested, be cited by the court or judge for that purpose.

"Second, If the persons so entitled to administration are incompetent, or evidently unsuitable for the discharge of the trust, or if they neglect, for twenty days after service of said citation, without any sufficient cause, to take administration of the estate, the court shall commit it to one or more of the principal creditors, if there be any competent and willing to undertake the trust.

"Third, If there be no such creditors, and the court is satisfied that the estate exceeds the value of one hundred dollars, the court shall commit administration to such other persons as it shall deem proper." (Gen. Stat. 1868, ch. 37, § 12; Gen. Stat. 1909, § 3447.)

The plaintiff was not a relative or creditor of Hanna Linderholm and was appointed eleven days after her death. Two of her children neither took nor renounced administration, were not cited by the court for that purpose, and entered no express consent to the plaintiff's appointment. The appointment of the plaintiff, however, has not been questioned by any one having a right, under the statute, to the office, or by any one interested in the estate. It is argued by the defendant

Ekblad, Adm'r, v. Hanson.

that the court was without power to make any appointment during the thirty-day period allowed next of kin to take or renounce administration and was without power to appoint the plaintiff or any one else without first citing eligible next of kin pursuant to the section of the statute quoted.

The jurisdiction of the probate court to grant letters of administration does not depend upon the section of the statute which has been quoted, but upon section 3436 of the General Statutes of 1909 (Gen. Stat. 1868, ch. 37, § 1), which reads as follows:

"That upon the decease of any inhabitant of this state, letters testamentary or letters of administration on his estate shall be granted by the probate court of the county in which the deceased was an inhabitant or resident at the time of his death."

In the case of *Ewing v. Mallison,* 65 Kan. 484, 493, 70 Pac. 369, it was said that the essential jurisdictional facts upon which the appointment of an administrator depends are: (1) The death; (2) an estate to administer; (3) residence. Whenever these facts exist jurisdiction to appoint some one administrator exists (*Nickel v. Vogel,* 76 Kan. 625, 631, 92 Pac. 1105), which can not be lost or defeated by any course of conduct the court may take in determining who the administrator shall be. Section 3447 of the General Statutes of 1909 gives certain persons a preferential right to be appointed and establishes rules of procedure for the guidance of the court in making the appointment. It is the duty of the court to follow the statute, respect those rights and observe those rules, but if it should wrongfully fail or refuse to do so jurisdiction is not affected, nobody can complain except those whose rights are recognized by the statute, and their remedy is by appeal. One who bears no relation to the estate except that he owes it money has no standing to complain that the surviving spouse, next of kin, or creditors, who might have secured the appointment

but did not, were passed by. This case is identical in principle and almost identical in facts with that of *Taylor v. Hosick, Adm'r, &c.,* 13 Kan. 518. When sued on his note Taylor disputed Hosick's capacity to sue. The court said:

"The probate court unquestionably had a right to appoint some person administrator. The facts already stated gave the court jurisdiction. But it is claimed that the court should have appointed a brother, sister, or creditor of the deceased; or that the court should have cited all the brothers, sisters, and creditors of the deceased to appear, and take or renounce the administration, before the court could appoint Hosick. As the brothers and sisters of the deceased were his nearest kin living, the court should have done as Taylor claims; and if the court did not do so, then the brothers, sisters, or creditors of the deceased would, in a proper proceeding, have a right to complain. But still these are not jurisdictional matters. Even if the probate court erred in the appointment of Hosick, still the appointment is valid until set aside by proper authority, and in a proper proceeding. The appointment can not be attacked collaterally, as Taylor now attempts to do, and especially not by himself, who is neither a relative nor a creditor of the deceased. Letters of administration can be attacked collaterally only when the probate court for some reason has no jurisdiction to make the appointment, and never when the court has merely committed an error by appointing one person (who is eligible) when the court should have appointed some other person." (p. 526.)

In the case of *Taylor v. Hosick, Adm'r, &c.,* supra, the appointment was not made until more than thirty days had elapsed from the date of death. The defendant argues that the case should be distinguished for that reason. The decision was, however, that an utter disregard of one of the statutory requirements—that relating to a citation upon eligible next of kin to appear and take or renounce administration—is to be regarded merely as an error in procedure and not as of the substance of jurisdiction. Likewise, action before the time has elapsed for the voluntary appearance of

next of kin involves an error in procedure only, to be remedied by motion in the probate court to set aside the premature appointment and by appeal.

In the case of *Brubaker v. Jones,* 23 Kan. 411, a collateral attack was made on the appointment of an administrator of the estate of Franklin Brady, deceased. The court said:

"That Brady was an inhabitant of Allen county, and died intestate, leaving an estate to be settled, are undisputed facts, and these facts are sufficient to give the probate court of Allen county jurisdiction to make the appointment. Whether the probate court adopted the right procedure or not in ascertaining these facts, or in making the appointment, or whether the court appointed the right person or not, are wholly immaterial questions in this controversy. These questions can not be raised in the collateral manner in which the plaintiffs now seek to raise them." (p. 412.)

The principles stated in the case of *Taylor v. Hosick, Adm'r, &c.,* supra, and *Brubaker v. Jones,* supra, are sound, have been recognized in many subsequent decisions, and are a part of the settled law of this state.

It is stated that the action was begun without an order from the probate court to do so, that the money due was not necessary for the payment of debts, and that one of the heirs desired the note and mortgage to be set off to him by an order of distribution; and it is argued from these facts that the plaintiff had no capacity to sue. The facts stated do not, either singly or taken together, have the slightest bearing upon the capacity of the administrator to sue, which is an attribute of his official character attaching by virtue of his appointment and inhering in the legal status thereby created.

The facts referred to are urged as defenses to the action. Even if there were no debts whatever due from the estate the probate court had jurisdiction to appoint an administrator and to proceed to administer the estate for other purposes than for the benefit of creditors.

35—85 KAN.

(*Nickel v. Vogel,* 76 Kan. 625, 92 Pac. 1105.) Upon his appointment the administrator became vested with the legal title to the note and mortgage as personal assets in his hands for all purposes of the administration. (Gen. Stat. 1868, ch. 37, § 66, Gen. Stat. 1909, § 3501.) One of the incidents of the legal title is the right to enforce payment by action. Assets of this kind are not usually sold, but are reduced to money. (*Lappin v. Mumford,* 14 Kan. 9, 16.) It is a general duty of an administrator to collect unpaid debts due the estate, and in this state he must do so, as far as possible, within one year from the date of his bond, under section 3497 of the General Statutes of 1909 (Gen. Stat. 1868, ch. 37, § 62), which reads as follows:

"The executor or administrator shall, as far as he is able, collect the assets of the estate within one year after the date of the administration bond."

The word "collect" as used in this statute does not mean merely "assemble" or "reduce to possession," but in the case of assets in the form of enforceable obligations the word has its ordinary signification, which includes the use of the usual means for accomplishing collection. (*Ryan v. Tudor,* 31 Kan. 366, 2 Pac. 797.) That such was the legislative intention is rendered certain by the fact that the section quoted is immediately followed by a grant of power to compromise certain classes of claims, debts and demands, under certain conditions. This statutory authority to sue needs no reenforcement in the form of an order from the probate court, and so far as the debtor is concerned the right of action against him is absolute. He has no standing to resist payment because the money due from him may not be needed to pay debts. He has no vicarious function to perform in respect to the management of the estate. His sole business is to pay, and the district court has no authority, in a suit on his note, to supervise the management and settlement of the estate, **either on his request or on the request of persons claim-**

ing to be ultimate distributees. The probate court is vested with authority to administer estates, to direct and control the official acts of executors and administrators, to make final distribution, and to determine all questions which may arise in connection with those subjects. Distributees, as interested parties holding the equitable title to the assets of the estate, might, if they so desired, apply to the probate court to stay the administrator's hand and to reserve particular assets not necessary for the payment of debts to be distributed in kind. But the district court could not rightfully entertain such an application so long as the probate court had jurisdiction of the subject, and neither the probate court nor the district court should listen to such an application from one in the situation of the defendant.

It was discretionary with the court to grant or to refuse permission to present the so-called supplemental defense, and the discretion was not abused. Judgment was properly rendered on the pleadings. If the note and mortgage had not been surrendered to the clerk at all the order confirming the sale would have constituted a waiver of the rule by the court which made it. However, the purpose of the rule was accomplished before confirmation, without any prejudice whatever to the defendant's substantial rights. The judgment was not superseded. No equitable right to a sale in parcels was presented to the district court so far as the abstract discloses, and nothing appearing in the brief justifies a re-sale.

The statute requires the court to order taxes to be paid out of the proceeds of a judicial sale. (Laws 1876, ch. 34, § 56, Gen. Stat. 1909, § 9332.) The requirement is made for the benefit of the public treasury and not for the benefit of interested persons. The statute not having designated when the order shall be made, power to make it exists as long as the court has control over the proceeds of sale. All persons are bound to know that the law makes the lien for taxes superior to all

others without a judgment to that effect, and makes it the duty of the court to apply the proceeds of sale to the satisfaction of such lien. Consequently no injury can result to any one if the order be delayed until confirmation when the proceeds of the sale are in court for distribution.

Nothing else in the case requires comment and the judgment of the district court is affirmed.