Livermore v. Ayres.

---

H. C. LIVERMORE AND J. C. NICHOLS, *as Administrator, etc., Appellees*, v. OSCAR O. AYRES, *Appellant*.

No. 17,270.

SYLLABUS BY THE COURT.

1. ADMINISTRATOR—*Nonresident—Collateral Attack.* Whether a person appointed administrator of an estate is a resident of the state is a question of fact to be determined by the court appointing him and its judgment can not be impeached collaterally.

2. ——— *Same.* The statute declares that no person who is a nonresident shall be appointed administrator of an estate (Gen. Stat. 1868, ch. 37, § 28, Gen. Stat. 1909, § 3463) but where facts exist which give the probate court jurisdiction to appoint some person administrator it will not lose jurisdiction by appointing one who is a nonresident. The order in such case is erroneous but not void.

3. PROMISSORY NOTE—*Corporation—Evidence—Custom.* Where it is sought to show authority of the general manager of a milling company to execute the promissory note of the company, evidence of the custom of the company to execute its notes in that way and that the same officer had executed similar notes in the name of the company before and after the execution of the note in question, and that the company had ratified such acts, is competent.

4. COSURETY—*Contribution—Extension of Time.* A cosurety sued for contribution set up as a defense that the bank, payee of the note, had extended the time of payment without his knowledge or consent. He offered no proof of any such extension but it appeared that the note was not fully paid until four years after maturity. This court declines to take judicial notice of the alleged custom of banks to require renewal of notes not paid promptly at maturity and to presume that

the time of payment of the note in question was extended by a valid contract upon a sufficient consideration.

5. ABSTRACT—*Sufficiency—Challenge—Counter Abstract.* Where appellant's abstract sets forth only such portions of the evidence as are necessary to present the questions raised by the appeal, a statement therein that there was no evidence upon a question which it appears is not raised by the appeal is not a challenge requiring the appellee to file a counter abstract or showing within the rule declared in *Railway Co. v. Conlon,* 77 Kan. 324, 94 Pac. 148.

Appeal from Johnson district court. Opinion filed December 9, 1911. Affirmed.

*I. O. Pickering,* for the appellant.

*J. W. Parker,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: On December 20, 1905, the Olathe Milling and Elevator Company, a corporation, by its manager, D. Hoch, executed and delivered to the Patrons Coöperative Bank, of Olathe, its promissory note for the sum of $11,000, payable sixty days after date, with interest at the rate of six per cent per annum. The note was signed by D. Hoch, Oscar O. Ayres, H. C. Livermore and M. G. Miller as sureties. This is an action by H. C. Livermore and J. C. Nichols, as administrator of the estate of M. G. Miller, deceased, against Oscar O. Ayres, as cosurety, for contribution. The plaintiffs recovered judgment and the defendant appeals.

The petition alleged the death of M. G. Miller and the appointment by the probate court of Johnson county, Kansas, of J. C. Nichols as administrator of the estate; that the milling company was accustomed to borrow money for the purpose of paying its debts; that Hoch had authority to execute the notes of the company therefor; that D. Hoch, one of the cosureties, was insolvent and not within the jurisdiction of the court; and that on November 15, 1909, the plaintiffs were

compelled to and did pay to the bank the balance due upon the note. The defendant filed a verified answer, alleging that the note had been extended a number of times without his knowledge or consent, denied the appointment and authority of J. C. Nichols as administrator, and set up a number of other defenses.

On the trial the defendant objected to the prosecution of the action by J. C. Nichols as administrator on the ground that at the time of his appointment he was and ever since has been a resident of the state of Missouri and a nonresident of Kansas, and therefore ineligible to serve as administrator of an estate in Kansas. It is contended that it was error to refuse to permit the defendant to attack the validity of Nichols' appointment as administrator by proof of his residence, and that the court abused its discretion in refusing to adjourn the trial to permit defendant to procure an order of the probate court revoking the letters of administration. The court rightly held the attack to be collateral and sustained an objection to the evidence. At the time of his death Miller was a resident of Johnson county. This fact and his intestacy are conceded, and the probate court had jurisdiction to appoint some person administrator. It is true, the statute declares that no person who is a nonresident shall be appointed administrator of an estate (Gen. Stat. 1868, ch. 37, § 28, Gen. Stat. 1909, § 3463), but one of the facts which the probate court had to determine was the residence of the person appointed. The court had jurisdiction to decide that question and did not lose jurisdiction by deciding it erroneously. When a court has jurisdiction of the subject matter and the parties, it has jurisdiction to proceed and to determine the matter involved, and necessarily has jurisdiction to decide a question of fact or of law erroneously, as fully as to decide it rightfully. If error is committed the remedy is by appeal. The difference between the present case and that of *Ewing v. Mallison,* 65 Kan. 484, 70 Pac.

369, is that there the court was wholly without juris-
diction to appoint an administrator because the de-
ceased was not at the time of his death a resident of
the county.   The death of a person with an estate to be
administered and the place of residence are necessary
to give the court jurisdiction to act at all; and neither
the question of the death or the place of residence are
concluded by the decision of the court.   If it should
afterward appear, as it sometimes does, that the person
is not dead, or that his residence at the time of his
death was in another county or state, the validity of the
order appointing the administrator is subject to col-
lateral attack as all judgments are which are wholly,
or as the phrase is, "absolutely void."   Where the court
is without jurisdiction, any judgment rendered is void,
and may be attacked collaterally; and so it was held in
the Mallison case, *supra,* that it was error for the dis-
trict court to refuse "to permit an inquiry into the
actual residence of the deceased at the time of his
death, and in holding the proceedings had in the pro-
bate court" (p. 495) were *res judicata.*   The defend-
ant's argument is that there is no law conferring juris-
diction on a probate court to appoint a resident of Mis-
souri administrator of an estate in Kansas; that on the
contrary there is a statute which in express terms pro-
hibits such appointment.   But the appointment of a
particular person may be erroneous without being void.
Where the court has jurisdiction to appoint some per-
son administrator it must determine the competency of
the person appointed, and this involves a question of
fact which the probate court alone must primarily
solve.

The same principle was involved in *Taylor v. Hosick,
Adm'r, &c.,* 13 Kan. 518, where it was said in the
opinion:

"Letters of administration can be attacked collat-
erally only when the probate court for some reason has
no jurisdiction to make the appointment, and never
when the court has merely committed an error by ap-

pointing one person (who is eligible) when the court should have appointed some other person." (p. 527.)

To the same effect are *Brubaker v. Jones,* 23 Kan. 411, *Anderson v. Walter,* 78 Kan. 781, 783, 99 Pac. 270, *Parnell v. Thompson,* 81 Kan. 119, 136, 105 Pac. 502, and the recent case of *Ekblad, Adm'r, v. Hanson,* 85 Kan. 541, 117 Pac. 1028.

And this is the universal rule. (*Simmons v. Saul,* 138 U. S. 439, 34 L. Ed. 1054; *Pick v. Strong,* 26 Minn. 303, 3 N. W. 697.)

There was no abuse of discretion in refusing a postponement of the trial in order that defendant might have a hearing upon his application to revoke the letter of administration. The application was not filed in the probate court until the day of the trial, although the suit had been pending for nearly six months.

It was proper to admit evidence of the custom of the milling company to execute promissory notes by its general manager, and to show that on other occasions before and after the execution of the note in question the same officer had executed similar papers in the name of and in behalf of the company. Where the corporation has held the agent out to the public as having such authority it is liable for his acts in the general course of its business, and proof of acquiescence by the company in similar acts is competent. (Thomp. Corp., 1st ed., § 4881, 2d ed., § 1608, and cases cited; *Fifth Ward Savings Bank v. First Natl. Bank,* 48 N. J. Law, 513, 7 Atl. 318; *The Evansville Public Hall Company v. The Bank of Commerce,* 144 Ind. 34, 42 N. E. 1097.)

Judicial notice, it is true, dispenses with proof; but the court declines to take judicial notice of the alleged custom of banks to require prompt payment of notes at maturity or else to have them extended; and, from such notice, together with the fact that the bank brought no suit upon the note and that it matured four years prior to the institution of this action, to presume, in the absence of any proof, that the time of payment of the note

in question was extended. The defendant in his answer pleaded the fact, not the custom; and if he intended to rely upon the defense, the burden was upon him to prove that without his knowledge or consent a valid contract upon a sufficient consideration was made for such an extension. He can not rest his defense upon mere presumption.

It is too late for the defendant to raise the question of misjoinder. The abstract nowhere refers to any objection of this nature and there is nothing in the pleadings which challenged the court's attention to the question. It is raised for the first time in this court and can not be considered. (*Railroad Co. v. Beets,* 75 Kan. 295, 299, 89 Pac. 683; *Blodgett v. Yocum,* 80 Kan. 644, 103 Pac. 128.) Besides, it is not claimed that any of the defendant's rights were prejudiced. Had the question been raised at the trial the court would have permitted separate petitions to be filed and separate trials to be had.

The defendant makes the claim that there was no evidence showing that Nichols as administrator ever paid any sum upon the note as surety or otherwise. Having in his abstract made the statement that there was no proof of such payment, he relies upon rule 10*a* of this court as construed in *Railway Co. v. Conlon,* 77 Kan. 324, 94 Pac. 148, and, since the plaintiffs (appellees) have failed to meet the challenge by counter abstract or otherwise setting forth such evidence, he insists that the judgment must be reversed. The plaintiffs (appellees) answer this contention fully by setting forth the certificate attached to the abstract prepared by the defendant, which reads, "I certify that the above and foregoing is a correct abstract of the record in said cause so far as the same is necessary for an examination of the questions raised on this appeal," and the specifications of error found on the same page of the abstract, which make no reference to such a claim. Obviously the situation presented is one where the rule

of the Conlon case, *supra,* has no room for application. All the evidence is not abstracted; the defendant's challenge is limited by the certificate to the abstract and the questions raised by the appeal. The failure of proof now complained of is nowhere suggested as a ground for reversal. Had it been, the challenge, unless met by counter abstract or otherwise, would have concluded the plaintiffs upon that question.

The fourth alleged specification, that "the court erred in rendering judgment for the plaintiffs; said judgment should have been for the defendant for his costs," is not a specification of error within rule 9 and raises no question for this court to consider. (*Lumber Co. v. Smith,* 84 Kan. 190, 114 Pac. 372.)

The judgment is affirmed.