No. 21,006

## R. E. DRESSER, as Administrator, etc., *Appellant*, v. THE FOURTH NATIONAL BANK OF WICHITA, *Appellee.*

### SYLLABUS BY THE COURT.

DECEASED PERSON— *Nonresident of County*— *Probate Court Without Jurisdiction to Appoint Administrator.* A probate court is without authority to appoint an administrator of the estate of a deceased person unless the deceased was a resident of the county of the court at the time of his death, and a decision of a probate court that the deceased was a resident of the county of the court at the time of his death is open to collateral inquiry for the purpose of showing a lack of jurisdiction to make the appointment.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed July 7, 1917. Reversed.

*Chester I. Long, Austin N. Cowan,* and *James G. Martin,* all of Wichita, for the appellant.

*David Smyth,* and *T. A. Noftzger,* both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a controversy over a deposit of $2737.50, which R. H. Graham, sr., had in the Fourth National Bank of Wichita at the time of his death. He died in Wichita, Sedgwick county, on March 23, 1915, and on April 9 of that year the probate court of Sedgwick county appointed R. H. Graham, jr., as administrator of the estate of the deceased.

26—101 Kan.

A few days later, on the application of R. H. Graham, jr., as administrator, the bank delivered the deposit to him. Later and on July 24, 1915, upon a showing made to the effect that the deceased was a resident of Harper county at the time of his death, the probate court of that county appointed the plaintiff, R. E. Dresser, as administrator of the estate of the deceased. Shortly afterwards Dresser made a demand upon the bank for the deposit which the deceased had there when he died, and it was refused upon the ground that the deposit had already been delivered to the son of the deceased, who had been appointed administrator by the probate court of Sedgwick county. Dresser then brought this action alleging that Graham was a resident of Harper county when he died and that the probate court of that county and no other had authority to appoint an administrator of his estate. The facts stated and some others were incorporated in a stipulation of the parties and when the case came on for trial counsel for plaintiff made an opening statement to the court to the effect that R. H. Graham, sr., who was about eighty years of age, had lived in and was a resident of Harper county for twenty-six years and until 1910, when he had a disagreement with his wife, after which he spent part of his time in Wichita, part in Hot Springs, Ark., and the rest of it in Harper county. In 1914 he returned and established his residence in Harper (if in fact he had ever had it elsewhere), and he registered in the city of Harper as a voter and voted in the primary and general elections held in that year in Harper. He continued to live there and claimed that to be his home and only residence until March, 1915, when he became ill and was brought to a hospital in Wichita by his daughter, and three days afterward he died. At the conclusion of plaintiff's statement the defendant, claiming that the action was a collateral attack upon the judgment of the probate court of Sedgwick county, moved for judgment upon the pleadings, opening statement and stipulated facts. This motion was sustained by the court and judgment given for defendant.

The controlling fact of the case is the residence of the deceased at the time of his death. If that question is open to inquiry it is clear from the facts stated that the deceased was a resident of Harper county at the time of his death; but it is

contended that the probate court of Sedgwick county, a court of competent jurisdiction, had determined that his residence was in Sedgwick county and that the adjudication is conclusive as against a collateral attack. That question has been the subject of much controversy in the courts and, although there are many authorities to the contrary, our court has repeatedly held that a probate court has no jurisdiction to appoint an administrator of a deceased person who did not reside in the county at the time of his death. Residence within the jurisdiction of the court, it is held, is essential to the authority of the court to make an appointment, and the question of residence being a jurisdictional fact is not concluded by a former decision of a probate court, and want of jurisdiction may be shown by evidence outside of the record. Although challenged in many cases, our court has consistently adhered to this view and it must be regarded as the settled rule of decision until it is changed by legislation. (*Ewing v. Mallison*, 65 Kan. 484, 70 Pac. 369; *Anderson v. Walter*, 78 Kan. 781, 99 Pac. 270; *Parnell v. Thompson*, 81 Kan. 119, 105 Pac. 502; *Ekblad, Adm'r, v. Hanson*, 85 Kan. 541, 117 Pac. 1028; *Livermore v. Ayres*, 86 Kan. 50, 119 Pac. 549; *Robinson v. Railway Co.*, 96 Kan. 137, 150 Pac. 636.) It is unnecessary to restate the doctrine established by the cited cases or to discuss again the conflict in the decisions.

The judgment of the district court is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff.