No. 25,223.

Mary A. Ford, as Administratrix, etc., *Appellant,* v. M. E. Peck, *Appellee.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

Executors and Administrators—*Debtor to Estate May Be Appointed Administrator.* It is not beyond the jurisdiction of a probate court to appoint as administrator of an estate one who is indebted to it, and such an appointment is not subject to collateral attack.

Appeal from Saline district court; Dallas Grover, judge. Opinion denying a rehearing filed July 5, 1924. (For original opinion of affirmance see *ante,* p. 74.)

*David Ritchie,* and *Omer D. Smith,* both of Salina, for the appellant.
*Z. C. Milliken,* of Salina, for the appellee.

The opinion of the court was delivered by

Burch, J.: In plaintiff's brief the following question was propounded:

"Did the probate court of Saline county, Kansas, have any authority to appoint as administrator of this estate the said M. E. Peck, who was indebted to said estate at the time of his appointment?"

The question is so well answered by the opinion in the case of *Ekblad, Adm'r, v. Hanson,* 85 Kan. 541, 117 Pac. 1028, cited in defendant's brief, the court did not deem it necessary to mention the matter in the original opinion. Plaintiff asks for a rehearing. A rehearing is denied on the authority of the case cited. There is nothing inherently vicious in allowing an estate to be administered by one indebted to it, as there is in a guardian making a loan to himself of his ward's funds. (*Sowers v. Pollock,* 112 Kan. 599, 212 Pac. 103.) This being true the probate court had jurisdiction to make the appointment, and exercise of its jurisdiction was not subject to collateral attack.