## Sellers *versus* Licht.

1. The widow of an intestate, *before* taking out letters of administration, held a vendue of her late husband's property, and sold a canal-boat to the defendant, on three months' credit, the purchaser to give security for his purchase before delivery. About five months afterwards, the widow obtained letters of administration, and brought suit for the price of the boat:

*Held*, that, if the boat had been delivered, the title of the plaintiff being perfect before suit, the defendant had no right to object that the title of the plaintiff was imperfect at the time of the sale and delivery, he not having renounced the sale before the plaintiff's title was perfect and the price demanded.

5. But if the sale and delivery were disputed, it was error in the Court to assume it.

ERROR to the Common Pleas of *Lehigh county.*

This was an action of *assumpsit* by Eve Licht, administratrix of the estate of Joseph Licht, deceased, *v.* Henry Sellers, to recover the price of a canal-boat. The boat belonged to her husband at his death, and *before administration*, viz., on 30th December, 1846, she sold it at public sale, and it was purchased by Sellers.

It was alleged on the part of the defendant, that, at the time of the sale, the plaintiff stated that the boat should not be taken unless security were given. The boat was not moved, but it was testified that the defendant employed a person to clean it out. On the part of the defendant it was alleged that possession of the boat had not been delivered by the plaintiff, and that the vendee had disaffirmed the contract of sale before grant of letters of administration. No security was given. On 24th May, 1847, the plaintiff received letters of administration on her husband's estate.

After the administration the purchase-money of the boat was demanded, and being refused, suit was brought.

JONES, J., charged that the sale was voidable by the purchaser before administration. He could have refused to take the boat; and if he had done so, no action could have been maintained against him on the part of the vendor; but he could not take the boat and refuse to pay for it.

He further charged that the demand of the plaintiff, after administration, was a confirmation of the sale on her part. He further charged, " up to that time, he (the defendant) had a right to rescind the purchase. Did he ever do that; did he say or do anything which evinced an intention, before that day, to renounce and give up his purchase? That is the question of fact which it is for you to determine from the evidence on both sides."

Verdict was rendered for the plaintiff for $140.

[Sellers v. Licht.]

Error was assigned, 1. To the first part of the charge quoted, it being alleged that the jury should have been instructed that, under the circumstances, the sale conferred no title and imposed no obligation on the purchaser. 2. That the remarks of the Court were calculated to mislead the jury as to the question of delivery. 3. That the Court charged that the confirmation of a voidable sale *by the vendor alone* was sufficient to bind the vendee, notwithstanding his disaffirmance. 4. That the Court limited the right of rescission by the purchaser to the time of the grant of letters of administration. 5. That there was no evidence that those letters had been exhibited to Sellers. 6. That the charge taken together was calculated to mislead the jury. 7. To the admission in evidence of the sale made by the plaintiff in her private capacity.

*Stiles* and *Brown*, for plaintiff in error.—It was alleged that the boat had never been delivered; that there was, in this case, no necessity for notice of disaffirmance by the vendee, as the sale was *void: Story on Sales*, § 204. The affirmance of the sale by the vendor alone was insufficient. The sale should not have been admitted in evidence.

*Reeder*, for defendant in error.—The substance of the charge was that the receipt by the administratrix of the price would have validated the sale; that although up to that time the vendee had a right to rescind, yet he could not do so after administration and demand of the money. It was contended that in point of law there was no error in the charge. That as the defendant did not tender the bid and demand compliance, it was to be presumed that he consented to the delay. That the letters of administration related back to the death of the intestate: 1 *Williams on Executors* 334; *Id.* 527, &c.; 5 *W. & Ser.* 445; *Moore* 126; 1 *Salk.* 295; 1 *McCord* 132; 23 *Pick.* 128; 12 *Mees. & Wels.* 226.

The opinion of the Court was delivered by

LOWRIE, J.—The widow of Joseph Licht, before taking out letters of administration, held a vendue of her late husband's personal property, and sold a canal-boat to Sellers on three months' credit, the purchaser to give security for the payment before delivery. About five months afterwards she obtained letters of administration, demanded the price, which was refused, and hence this action.

This transaction may have been a bargain and sale, or a sale and delivery. If the latter, the learned judge was right in saying that, if Sellers did not renounce the sale until her title was perfect and the sale confirmed by her demand of the price, then he was bound to pay. He could not complain of a sale and delivery

[Sellers *v.* Licht.]

without title, if the title was complete when payment was demanded.

But it may not have been a case of sale and delivery. There was some equivocal evidence that Sellers exercised acts of ownership, but she refused to deliver without security, and perhaps did not deliver, and this fact ought not to have been assumed. The Court ought to have instructed the jury how to treat the case if they found that there was no delivery and no assumption of possession which she might treat as equivalent. But this view is excluded when the Court says : "Did he do anything (before administration granted) which evinced an intention to renounce his purchase ? That is the question for you to determine."

Suppose it a case of bargain and sale merely. Then, for want of title, her contract was broken as soon as made. For the broken contract he could demand damages, and she could not demand performance. Especially is it plain that she could not demand performance until she was ready for it and tendered it on her part. But even if she had tendered performance after so much delay, he might have refused to accept it.

Judgment reversed and new trial awarded.