## WM. McFARLAND v. J. J. STEWART, Executor of the Estate of A. Cochran, deceased, Appellant.

**Settlement of Estates:** JURISDICTION. Want of jurisdiction in the district court of a county over the administration of an estate of a deceased person is not shown from the fact that deceased died in another county, leaving real and personal property therein, in the absence of any evidence that he was a resident of that county.

SAME: *Claims.* A creditor of a deceased person, who neglected to file his claim in the district court of the county in which the administration proceedings were commenced, and which had jurisdiction over the estate, but filed his claim in another county, in which a transcript of the will has been filed, cannot maintain an action in that county for an order requiring the executor to allow and pay the claim, and, in the event of his refusal, for the annulment of his appointment and the appointment of an administrator in that county.

PRESUMPTION AS TO. The presumption is that the district court of a county which assumes jurisdiction of an estate of a deceased person found facts that gave it jurisdiction; and its jurisdiction is exclusive and all proceedings in the settlement of the estate must be in that county.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, OCTOBER 26, 1899.

ACTION in equity, commenced June 28, 1897, to establish a claim against the estate of A. Cochran, deceased, for one hundred and fifty dollars damages, caused to plaintiff by a fire set out by deceased. Defendant demurred to the petition, which demurrer was overruled, and defendant elected to stand on his demurrer, and refused to further plead. Thereupon, the claim standing denied under the law came on for hearing, both parties being present in person and by their attorneys, and, after a full hearing, judgment was rendered establishing plaintiff's claim as a fourth-class claim in the sum of one hundred and fifty dollars. Defendant appeals.—*Reversed.*

*J. J. Stewart* in pro. per.

*S. H. Cochran* for appellee.

GIVEN, J.—I. The same questions were raised and preserved on the trial that were presented by the demurrer, and grew out of the following facts: A. Cochran left a will in which defendant, Stewart, a resident of Pottawattamie county, and J. L. Druien, a resident of Harrison county, were designated as executors. Said will was filed for probate in the district court of Pottawattamie county, and admitted to probate on the 21st day of May, 1896. J. L. Druien declining to serve, J. J. Stewart was appointed sole executor, and qualified as such on June 30, 1896. On July 8, 1896, defendant, Stewart, filed a transcript of said will, and of said record probating the same, with the clerk of the district court of Harrison county. Plaintiff did not file his claim in the district court of Pottawattamie county, but did file it with the clerk of the district court of Harrison county, on the 22d day of June, 1897. No notice of the appointment of Mr. Stewart was given in Harrison county, and plaintiff avers in his petition that he did not know of said appointment until about the 1st of April, 1897. It is alleged in the petition that deceased died in Harrison county seised of personal and real property in said county. It is also alleged that the estate is perfectly solvent, and this was admitted on the trial. The plaintiff prays for an order that his claim be allowed and paid as of the fourth class, and that, if defendant does not at once comply with the order, "an administrator be appointed in Harrison county, Iowa, and the appointment of the said J. J. Stewart be annulled for want of jurisdiction."

II. This action was commenced, and the proceedings and transactions upon which it is based occurred, under the Code of 1873, and our references will be to that Code. Appellee insists that, by going to trial on the merits, appellant waived his exceptions to the ruling on the demurrer.

Whether or not this is true we need not determine, as substantially the same questions were raised on the trial. He also insists that appellee waived the points raised by the demurrer by not moving for a change of venue to his own county, and to this there is the same answer, namely, that this question was also raised in the trial.

III. If deceased was a resident of the state at the time of his death, jurisdiction over his estate was exclusively in the district court of the county of his residence; if a non-resident of the state, then in the court of any county where there was property of the estate subject to administration. *In re King's Estate,* 105 Iowa, 321. If he was a non-resident of the state, the jurisdiction of the court first assuming it was exclusive, and jurisdiction acquired in either case was co-extensive with the state. Sections 2318, 2319, Code 1873. It is alleged in the petition that Mr. Cochran died in Harrison county leaving real and personal property therein, but it nowhere appears that he was a resident of that county. It does not affirmatively appear that he was a resident of Pottawattamie county, nor that he left property subject to administration in that county, or that he was a resident of this state. There being neither allegations nor proofs to the contrary, we must presume that the district court of Pottawattamie county found facts that gave it jurisdiction. *Reed v. Lane,* 96 Iowa, 454. Acting upon this presumption, we conclude that the district court of that county has exclusive jurisdiction over this estate; that its jurisdiction is co-extensive with the state; and that all proceedings in the settlement of the estate must be in that court. Appellant was appointed and qualified June 30, 1896, and appellee learned this fact about April 1, 1897, in ample time in which to have filed his claim, and have it acted upon in the regular way. This he did not do, but on June 22, 1897, still within the time for filing his claim, he filed it in the district court of Harrison county, and on the 28th com-

menced this action in that county for an order requiring the executor to allow and pay the claim, and, in the event of his refusal, that his appointment be annulled, and an administrator appointed in Harrison county. This is not an action, under section 2421 of the Code of 1873, to establish a claim otherwise barred, because of peculiar circumstances entitling the claimant to equitable relief. This claim was not barred at the time this action was commenced. We are clearly of the opinion that the district court of Harrison county had no jurisdiction to grant any of the relief asked.—REVERSED.