N. I. DUHAIME, Administrator, Appellant, v. GEORGE G. ROWE, Appellee.

**EXECUTORS AND ADMINISTRATORS:** **De Son Tort—Liability For Costs.** One who, without desire or effort, is appointed administrator of an estate of small value, and acts in good faith, and is subsequently removed, on a showing that the deceased was a nonresident of the county, is not liable for costs and attorney fees incurred in effecting the removal, and especially so when the said costs exceed the value of the estate.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

JUNE 23, 1922.

ACTION by plaintiff, to recover $218.55 for costs expended by him, and attorney's fees paid and owed in a prior action brought by plaintiff to remove defendant as administrator. Trial to the court, upon an admitted statement of facts. The trial court found for the defendant, and entered judgment against plaintiff. The plaintiff appeals.—*Affirmed.*

*C. R. Metcalfe,* for appellant.

*Farr & Farr,* for appellee.

PRESTON, J.—It appears that, in April, 1915, a daughter of deceased's made application to the Woodbury district court, and secured the appointment of defendant as the administrator. The application alleged that deceased, at the time of his death, was a resident of Woodbury County. At the time of said application, the daughter was the only person entitled to petition for the appointment of an administrator. Under such appoint-

ment, and under the order of the Woodbury district court, defendant administered said estate. On May 25, 1915, plaintiff, as creditor of deceased, petitioned the district court of Monona County for letters of administration, and on that date was appointed administrator, by the court of Monona County. In June, 1915, plaintiff, acting as administrator under his said appointment, brought suit in the district court of Woodbury County for the removal of defendant as administrator. The plaintiff was unsuccessful in the district court, and the costs of said action amounted to $37.65. The case was appealed and reversed, on the ground that deceased was not a resident of Woodbury County. *Duhaime v. Rowe*, 179 Iowa 541. The costs of the appeal were $30.90. Plaintiff also claims for an attorney fee in the district court, of $50, and $100 in the Supreme Court. The entire claim is $218.55, with interest. After the reversal on the former appeal, defendant paid the money in his hands to plaintiff, and no further claim is made by plaintiff, except as to the items before stated. Plaintiff has paid the costs before mentioned, and $75 of the attorney's fees, and owes $75 more. It is admitted that plaintiff's attorney accepted the employment by plaintiff as administrator, and brought and prosecuted the first suit in the district court and in the Supreme Court, and that the fees are reasonable. Before the proceedings were brought against defendant, defendant was requested to surrender the property. Defendant refused to surrender the property, but after the reversal and judgment, he paid plaintiff, from the proceeds of the assets, $270.50. As we understand the record, all acts of the defendant as administrator in disposing of the property were done by him before the reversal of the case in the Supreme Court, and while acting as administrator under the appointment. Plaintiff alleges that the property was of the value of $1,500, at the time of the death of decedent, and at the time defendant took possession thereof as administrator. Defendant alleges that he listed all of the assets of said estate; that a large portion of the property was covered by chattel mortgages, the amount of which was more than the value of the property; that the automobile was covered by a mortgage to the amount of about seven times its appraised value; that the

holders of the mortgages took the property under the mortgages; that the court directed defendant to turn over the automobile to the holder of the mortgage; that the only property left in the hands of defendant was of small value, and that it was duly appraised, and sold by the defendant at the appraised value, by direction of the court, and that this was the largest amount obtainable for the property; that the amount realized was $229.50; that this was the full amount of all the property of the estate that came into his hands; that the property claimed by the mortgagees never came into the actual possession of defendant; that defendant did not solicit the appointment, and acted only when appointed by the court, and at the request of the daughter of deceased, she being the only heir and having attained her majority. Further answering, defendant says that there was no loss to the estate by any act on the part of defendant; that he did not convert to his own use anything of value, and paid over all money received, with interest thereon; that he paid all his own expenses, and has not charged anything to the estate. As said, defendant admits that the attorney's fee claimed was reasonable for the amount of work done by plaintiff's attorney, but denies that any benefit of any kind or character accrued or could have accrued to the estate or to the plaintiff, as a result of the action for which plaintiff asks costs and attorney's fees.

Appellant relies mainly on Section 3407 of the Code, which provides:

"Any person who, without being regularly appointed as executor or administrator, intermeddles with the property of a deceased person, is responsible to the regular executor or administrator, when appointed, for the value of all property taken or received by him, and for all damage caused by his acts to the estate of the deceased."

It is thought by appellant that the costs and attorney's fees now claimed for may be recovered under the last sentence of the statute quoted. Appellant's argument necessarily assumes that defendant was not regularly appointed, and that he was an intermeddler with the property of deceased. There is no claim as to the regularity of defendant's appointment, except that he was appointed in a county which was not the residence of de-

ceased. Other sections of the statute are referred to by appellant in regard to the duty of an administrator to make an inventory and employ an attorney; that the court may require property to be delivered to the rightful administrator; that, in certain cases, a judgment may be rendered against the real administrator as for his own debt, if it appears that an action was prosecuted or defended without reasonable cause. Other statutes are cited in regard to the exercise of reasonable diligence required of an administrator, and his bond, and for the discovery of personal effects of deceased. It is contended by appellee that no malice or fraud is shown on the part of defendant in anything he did, and that he acted in good faith and under color of authority. The books state the rule thus:

"If it clearly appears that the person sought to be charged was merely acting in good faith in attempting to protect his own rights, or under color of authority, he will not, as a general rule, be charged as executor *de son tort*. Thus a person will not be charged as executor *de son tort* where he comes into possession of assets lawfully, or with the consent of the rightful administrator, or takes or retains possession of property under color of title, in good faith, believing his right to be superior to that of the lawful administrator, although his title proves indefensible." 18 Cyc. 1356.

See, also, 24 Corpus Juris 1213, citing *Claussen v. Lafrenz,* 4 G. Greene 224; 11 Ruling Case Law 459; *Ward v. Bevill,* 10 Ala. 197 (44 Am. Dec. 478). Other cases are cited in the note to Corpus Juris. We find no other Iowa cases on that particular point. *Dorris v. Miller,* 105 Iowa 564, seems to be in point on the question of counsel fees, and is against the contention of appellant. In that case, defendant himself made application for his appointment, and made false and untrue statements in the application. In the instant case, defendant did not make the application. He has paid his own counsel fees. He has not profited by his appointment. Under the circumstances, and under the authorities cited, we think appellant may not recover for the court costs and attorney's fees, amounting, including interest, to about $285, incurred in connection with the administration of an estate the total value of which amounted to

$229.50. The last named amount, with interest, was paid to plaintiff. The judgment is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.