[L. A. No. 13733. In Bank.—December 30, 1933.]

FRANCIS M. CONLIN et al., Appellants, v. LOLA A. BLANCHARD et al., Defendants; J. O. CLUTTER, Intervener and Respondent.

Edwin J. Miller for Appellants.

Rex Hardy, Allin L. Rhodes, Vernon W. Hunt and Sylvester Hoffman for Respondent.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, First Appellate District, Division Two. Upon further consideration, we are satisfied that said court has correctly determined the issues, and we therefore adopt the following portion of the opinion of Mr. Presiding Justice Nourse, as the opinion of this court:

"Plaintiffs brought two actions in ejectment. The defendant Clutter intervened in the first and filed a cross-complaint in the second, claiming title to the real propery involved. Plaintiffs demanded a trial by jury, which the court denied. Trial was had before the court upon Clutter's complaint in intervention and cross-complaint and a consolidated judgment covering both cases was entered quieting his title to the property and denying plaintiffs a trial upon the issues raised in their complaint. From this consolidated judgment the plaintiffs have appealed upon typewritten transcripts and the defendant Clutter alone appears as respondent.

"On June 17, 1924, Sam H. Conlin died testate in the state of Missouri. The plaintiffs herein are the heirs or devisees under his will. At the time of his death Conlin was the owner of record of the real property involved in this litigation. On February 25, 1925, an assessment was attempted to be levied upon this property to cover the pro-

portionate cost of a local public improvement. On November 13, 1925, an action was commenced against Sam H. Conlin to foreclose the lien of this assessment and service of summons therein was had by publication based upon affidavits stating that Conlin could not be found. The default of Conlin was thereafter taken and a decree of foreclosure was entered against him on April 23, 1926. Following the issuance of the commissioner's deed the South Holding Corporation, claiming ownership of the property through conveyance from the grantee of the commissioner's deed, commenced an action against the public administrator as administrator of the estate of Sam H. Conlin on April 15, 1929. The petition of the public administrator for letters disclosed that Sam H. Conlin died on June 17, 1924, and also alleged that the public administrator was to be appointed for the purpose of a quiet title action only and that the interest of the estate in the property involved did not exceed the sum of $10. The public administrator did not defend the action, but stipulated that it might be heard on the default calendar and judgment was thereupon entered quieting title against him. In that action the heirs of Sam H. Conlin were not sued, did not appear and had no knowledge of the proceeding until long after the decree was entered.

"In this proceeding the respondent Clutter, as the successor in interest of the party prevailing in the quiet title action, pleaded the chain whereby he claimed title to the property, omitting, however, the reference to the proceedings to foreclose the assessment lien and the proceeding to quiet title just mentioned. The plaintiffs answering denied the right and title of all those grantors and grantees pleaded in the chain of title and affirmatively pleaded that the conveyance to this respondent was null and void and that respondent took the conveyance with full knowledge of the claims of these appellants after their *lis pendens* was duly recorded. In attempting to prove the chain of title under which he claimed, the respondent offered in evidence the record of the quiet title action instituted against the public administrator including the petition of the public administrator for letters. He also offered in evidence the commissioner's certificate of sale on foreclosure and the commissioner's deed reciting that it was issued pursuant to a decree in foreclosure dated April 23, 1926. Having closed his case, the appellants

offered in evidence the entire record in the foreclosure suit and this was admitted without objection from the respondent. From this it appears that the complaint to foreclose the assessment lien was filed November 13, 1925, and that the lien attached for work completed on February 25, 1925. The appellants also offered in evidence two notices of pendency of these actions, one recorded June 16, 1930, and the other recorded October 29, 1929. Respondent's pleading disclosed that his first interest in the property was acquired December 15, 1929, and that he actually became a purchaser under a trustee's sale on June 17, 1930.

■ "Though the pleadings do not set forth the prior actions in detail or specifically allege their invalidities, both causes were tried upon the theory that those were the only issues involved and the evidence of those proceedings was admitted either at respondent's instance or without his objection. Having alleged the invalidities of the conveyances upon which respondent relied to prove his chain of title the appellants made a direct and not a collateral attack upon those decrees. (*Follette* v. *Pacific L. & P. Corp.*, 189 Cal. 193, 205 [208 Pac. 295, 23 A. L. R. 925]; *Swallow* v. *Tungsten Products Co.*, 205 Cal. 207, 210 [270 Pac. 366[; *Moakley* v. *Los Angeles Pac. Ry. Co.*, 99 Cal. App. 74, 79 [277 Pac. 883]; *Anglo-California Trust Co.* v. *Kelley*, 117 Cal. App. 692, 694 [4 Pac. (2d) 604].)

"It is true that as to the foreclosure proceeding the allegations are not as full as those in the cases cited, but respondent offered the deed in evidence and told the court that he had no objection to the admission of the entire record and this was a necessary link in the proof of his chain of title. ■ These proceedings were void and not merely voidable because the court had no jurisdiction to entertain them, the defendant named therein having died before the proceedings were instituted. (15 R. C. L. 621, 622; *Garrison* v. *Blanchard*, 127 Cal. App. 616 [16 Pac. (2d) 273], and see *Estate of Parsell*, 190 Cal. 454, 456 [213 Pac. 40, 25 A. L. R. 1561].) That decree having been rendered against a dead man had no legal effect against his heirs in whom the title to the property vested immediately upon his death. These parties did not have their day in court and so far as their interest in the property is concerned that decree is just the same as if it had been rendered against one who was an

entire stranger to the title. Technically, because of the pleadings here, the attack upon the foreclosure decree may be said to be collateral and not direct; but this is immaterial because being void it is assailable in either manner.

"Coming to the action to quiet title the proceedings disclose a clear case of extrinsic fraud practiced upon the heirs and upon the court to prevent the real owners of the property from claiming their rights in the premises. That record discloses that the date of the death of Conlin was known to the plaintiff therein and to ·the public administrator before those proceedings were instituted. They thus knew that the title to the property in suit was vested in these heirs who resided in a foreign state. They knew that the decree of foreclosure was void for want of jurisdiction of the court entering it. ·The plaintiff prevailed upon the public administrator to file an answer before he was legally appointed as administrator of the estate and it prevailed upon him to default at the trial and to fail to offer any defense on the part of the estate or to represent the true owners in a defense of the property. Inasmuch as plaintiff's whole case in the quiet title action rested upon a void decree in foreclosure known to be void by both the plaintiff and the defendant therein the failure of the administrator to appear and defend on behalf of the estate was a fraud upon the court as well as upon the heirs. To permit the successor in interest of that plaintiff to come into a court of equity and to prevail solely on proof of a judgment obtained in that manner it would be necessary to disregard all rules applicable to the equity side of the court.

"It is suggested that, notwithstanding these considerations, the respondent should still prevail because the appellants are in some way estopped from asserting their title. There was no proof of any facts which would warrant the conclusion of the trial court that these plaintiffs were estopped. There was no evidence that the appellants by language or conduct led the respondent to change his position in any respect. (10 Cal. Jur. 624; *City of Los Angeles* v. *Babcock,* 102 Cal. App. 571, 576 [283 Pac. 314].) The whole record discloses that respondent is the victim of the fraud of his predecessors in interest and that he acquired title to the property after the appellants asserted their rights and filed their *lis pendens.* The suggestion now made

that respondent was an innocent purchaser was not raised in the trial court, and . . . is not available to respondent at this time.''

The judgment is reversed and the trial court is directed to enter judgment for plaintiffs in accordance with the views expressed in this opinion.

Rehearing denied. Shenk, J., and Curtis, J., voted for a modification of the order of reversal by striking therefrom ''directions to trial court''.