[Civ. No. 1617. Fourth Appellate District.—March 30, 1936.]

JUDSON H. JORDAN, etc., Appellant, v. C. C. T. CLAUSEN et al., Respondents.

O. H. Myrick, Harmon C. Brown and John W. Preston for Appellant.

A. Heber Winder for Respondents.

SCOVEL, J., *pro tem.*—For the purpose of this appeal the land involved may be considered as the east half of lot 1 in block 23 at Palm Springs, in Riverside County. In 1890, title to all of lot 1 was vested in Benjamin Browning. In 1891, he deeded the west half of lot 1 to S. A. Wood. On November 29, 1901, Browning deeded the west half of lot 1 to plaintiff. Plaintiff testified that in the year 1904 Browning told him that he should have conveyed to plaintiff the east half of lot 1 and that the 1901 deed was erroneous. Plaintiff's secretary prepared a new deed which Browning signed and recorded, but again the description referred to the west half of lot 1. The deed was returned to plaintiff from the recorder's office and placed in his file. Plaintiff paid no further attention to the property until the year 1930, paying no taxes thereon.

In April, 1911, Browning died testate. His will was duly admitted to probate in Placer County, the certificate of proof of will stating that he died on the 17th day of April, 1911, in Los Angeles County, but that at the time of his death he was a resident of the county of Placer. On June 4, 1912, the

Superior Court of Placer County decreed distribution of the estate to the widow for life, appointing C. Roy Browning as trustee thereof and naming the five heirs of the deceased as remaindermen. The widow died on January 1, 1915, and on March 1st of the same year the Placer County court ordered distribution of the trust to the remaindermen. The executor of the last will and testament of Browning has never been discharged.

On July 30, 1920, the remaindermen above mentioned, the heirs of Browning, quitclaimed the east half of lot 1 of block 23 to Z. R. Bunker, and by mesne conveyances the property was acquired by defendants Clausen and McLeod, defendant Clausen acquiring McLeod's one-half interest therein on May 29, 1931. Since 1922 all taxes upon the property have been paid by Clausen and his cotenant. All of the deeds above set forth were promptly recorded.

In the year 1930 plaintiff was advised that the records did not show any interest vested in him to the east half of lot 1. He checked the records and consulted with an attorney, advising him of his claim and requesting him to take such proceedings as might be necessary to vest title to the east half of lot 1 in him. Accordingly, on February 21, 1931, his attorney filed a petition in the Superior Court of Los Angeles County for letters of administration upon the estate of Benjamin Browning, deceased, alleging that the deceased died in Los Angeles County, a resident thereof; that he left no will and that the estate consisted solely of a contingent and worthless interest in Riverside County land. On March 17, 1931, he was appointed administrator of the estate and duly qualified as such. On March 9, 1932, plaintiff filed an action in the Superior Court of Los Angeles County against the administrator to reform the deed from Browning to plaintiff executed in 1904 so that the property therein described would convey to him the east half instead of the west half of lot 1. In this action plaintiff was represented by another attorney. On March 23, 1932, the administrator in proper person filed an unverified answer to the complaint containing a general denial, together with a stipulation reading as follows: "It is stipulated between plaintiff and defendant that specific denial of plaintiff's complaint, verification of the within and foregoing answer, notice of trial, findings of fact and conclusions

of law, notice of entry of judgment and right of appeal be, and the same are hereby respectively waived."

On June 9, 1932, the matter was heard and judgment rendered as prayed for, reforming both the 1901 and 1904 deeds so as to read the east half of lot 1. On October 9, 1933, plaintiff filed the present action in Riverside County seeking to quiet title to the east half of lot 1. Defendants appeared by answer and cross-complaint seeking to quiet their title to the property.

To prove his title at the trial hereof, plaintiff introduced the deeds executed in 1901 and 1904, together with the judgment of the Superior Court of Los Angeles County, reforming the deeds. Defendants attack the chain of title on the ground that the judgment of the Superior Court of Los Angeles County is void; first, because it had no jurisdiction to appoint an administrator of the Browning estate, and, secondly, because the action to reform the deeds was a fraud upon the court.

As hereinbefore noted, the executor of the last will and testament of Benjamin Browning appointed by the Superior Court of Placer County was never discharged, and although many years had elapsed since his appointment he was still acting as executor of the estate. Can there be two representatives of the same estate at the same time serving under appointments of different courts in different counties? It is not questioned but that Browning died testate and that the Superior Court of Placer County first assumed jurisdiction over his estate.

In *Estate of Relph,* 185 Cal. 605 [198 Pac. 639], it is held that the court first acquiring jurisdiction of the probate of an estate by granting letters of administration and adjudicating the fact of residence of the decedent in the county of which it has jurisdiction, acquires jurisdiction for all purposes thereof binding upon the whole world unless vacated or set aside on direct attack, including the probate of any subsequently discovered will. (See, also, *Estate of Latour,* 140 Cal. 414, at 425 [73 Pac. 1070, 74 Pac. 441].)　It follows as a necessary corollary that an adjudication of the fact of residence in the county of which the court first acquires jurisdiction for the probate of the will of a decedent is likewise binding upon the world for all purposes of admin-

istration of the estate, including a petition for letters of administration.

And the Superior Court of Placer County having first appointed an executor to administer the estate of Benjamin Browning, deceased, no other court could appoint another to administer the same estate while such executor continued to act, particularly where the attack upon the order of the second court is direct. (*Conlin* v. *Blanchard,* 219 Cal. 632, at 635 [28 Pac. (2d) 12].) Appointment of the administrator by the Los Angeles Superior Court being void, a decree against such administrator could have no legal effect upon the heirs of the deceased from whom defendants claim title, and could not serve to perfect in plaintiff any record or color of title. (*Conlin* v. *Blanchard, supra.*)

Defendants also contend and it was found by the trial court that the action instituted by plaintiff for the reformation of the deeds worked a fraud upon the court. We are of the opinion that the finding should be sustained. It will be recalled that prior to instituting the action, plaintiff searched the records. He must, therefore, have discovered the chain of title from the heirs of Browning to defendants. Notwithstanding this fact, without any notice to such claimants, the probate proceedings were taken and the action filed against the administrator in Los Angeles County. The administrator made but a nominal appearance and made no effort whatsoever to protect any claim the heirs of decedent had to the property involved, he, himself, waiving all notice of hearing and other matters connected therewith as set forth in the stipulation hereinbefore recited. Knowing that others claimed an interest in the property, the action of both plaintiff and the administrator in failing to have an actual appearance and defense made on behalf of the estate was a fraud upon the court, the heirs and their successors in interest. As set forth in *Conlin* v. *Blanchard, supra,* to permit such plaintiff "to come into a court of equity and to prevail solely on proof of a judgment obtained in that manner it would be necessary to disregard all rules applicable to the equity side of the court".

Defendants in support of their claim of title under the cross-complaint introduced certified copies of the proceedings had in the Superior Court of Placer County in the estate of Benjamin Browning, deceased, including the decree of dis-

tribution, the quitclaim deed from the remaindermen and heirs of Benjamin Browning, deceased, to Z. R. Bunker, together with the subsequent deeds completing the chain of title to defendants.

The decree of distribution distributes the "residue" of the estate to C. Roy Browning as trustee for the benefit of the widow of the decedent during her lifetime with directions to distribute the same to the remaindermen upon her death. The property involved in this action was not described in the decree, but it being a portion of the estate of decedent and not otherwise distributed it necessarily fell into the residue and was thereby distributed in accordance with the provisions of the decree. The *corpus* of said trust having thereafter been ordered distributed to the remaindermen, their deed to Z. R. Bunker was sufficient to convey the title to him, and defendants having completed the chain of title from him to them made a sufficient showing to support the judgment in this action quieting their title as against any claims of plaintiff.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 24, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1936.