BARRETT v. STEELE, Adm'r.

No. 29557.   July 1, 1941.

Rehearing Denied Oct. 21, 1941.

*117 P. 2d 1020.*

Robinson & Oden, of Altus, and Edwards & Robinson, of Oklahoma City, for plaintiff in error.

E. E. Gore and Guy P. Horton, both of Altus, for defendant in error.

GIBSON, J.   This is an action by the administrator of a decedent's estate

against his intestate's widow to cancel as in fraud of creditors certain deeds executed by deceased to the defendant.

The petition alleges that the estate is indebted to certain parties by reason of a judgment theretofore obtained, and that aside from the lands conveyed to defendant as aforesaid there were no assets from which to satisfy the claim of the judgment creditors and to pay the costs of administration. It is further alleged that there was no consideration for the deeds, and that the same were executed for the purpose of avoiding payment of the obligation later reduced to the judgment, and that it is necessary that said deeds be canceled and the lands sold in order to satisfy said claim.

The answer attacks the judgment as void, and raises the issue of fraudulent conveyance.

Judgment was for plaintiff, and defendant appeals.

The action was originally commenced by one Yates, purporting to act as administrator of said estate, joined by the creditors aforesaid as plaintiffs. Later, by order of court, the present plaintiff was substituted for Yates, and on motion of defendant the creditors were stricken as improper parties plaintiff, and the present plaintiff proceeded with the action as administrator pursuant to authority granted by section 1201, O. S. 1931, 58 Okla. Stat. Ann. § 259.

The facts and circumstances on which defendant relies to support her allegation that the judgment was void are that during the lifetime of F. E. Barrett, the decedent whose estate is involved herein, S. E. Hickman, executor of the estate of Charles Munsell, commenced an action in district court against said Barrett to recover a money judgment; that the plaintiff in said action was unsuccessful and appealed to this court; that after said appeal was lodged here Barrett died, and that the plaintiff in error in said cause suggested the death of Barrett, and proceeded to the county court, where he filed a petition for the appointment of some suitable person as administrator of Barrett's estate. Defendant herein objected to the appointment of an administrator on the theory that no administration was necessary, and the county court sustained the objection, whereupon Hickman, as executor aforesaid, appealed to district court. On trial de novo the district court proceeded to appoint as administrator the said Yates, a party who had not been suggested for appointment in county court. From this order of appointment the present defendant appealed here (In re Barrett's Estate, 181 Okla. 262, 72 P. 2d 482).

In the meantime, the cause for money judgment pending on appeal as above related was revived in this court in the name of Yates as administrator of the estate of F. E. Barrett, as defendant in error (Hickman, Ex'r, v. Barrett, 175 Okla. 262, 52 P. 2d 40). In that case the judgment of the district court was reversed and the trial court directed to enter judgment for the plaintiff and against the administrator of the estate of F. E. Barrett, which resulted in the judgment here in question.

Subsequently, in the case of In re Barrett's Estate, above, we reversed the order of the district court appointing Yates as administrator, holding in effect that said court was without power to appoint as administrator of a decedent's estate one whose name and qualifications had not been submitted to the county court at the original hearing.

Defendant takes the position that the order of the district court appointing Yates as administrator was void, leaving Yates without legal authority to represent Barrett's estate in the Supreme Court, and as a consequence of such invalidity the opinion and judgment of this court in Hickman, Ex'r, v. Barrett, supra, and the subsequent judgment rendered on mandate against Yates as administrator, and involved herein, were null and void.

We agree with defendant that the order of the district court appointing Yates was void and open to attack in a collateral proceeding.

As authority that the judgment rendered against Yates as administrator was also void, defendant cites 23 C. J. 1086; Anderson v. Walter, 78 Kan. 781, 99 P. 270; In re Rowe's Estate, 179 Iowa, 541, 161 N. W. 626; Texas Co. v. Bank of America, etc., Ass'n, 5 Cal. 2d 35, 53 P. 2d 127; Jordan v. Clausen, 13 Cal. App. 2d 16, 56 P. 2d 240. These authorities in some respects would seem to support defendant's contention. The text in Corpus Juris, above, says in effect that if the order appointing administrator is absolutely void, the general rule is that all acts done pursuant thereto are also void. For support of this rule the text cites the Kansas case, above, and decisions from Massachusetts, Minnesota, and New York.

In Jordan v. Clausen, above, it was held that the appointment of an administrator by a court without jurisdiction was void, and that a decree against such administrator reforming deeds executed by the deceased to the plaintiff had no legal effect on the deceased's heirs, and did not serve to perfect title to the land in a subsequent action by the grantee to quiet title against the grantees of the heirs.

Though it has been held that the acts of an alleged administrator who is acting under a void appointment are void, it does not follow that none of such acts may not be legally ratified by the duly appointed administrator. One who acts as administrator under a void appointment is what is commonly termed an executor de son tort. 24 C. J. 1212; 21 Am. Jur. 843. If an executor de son tort is later appointed administrator in due form, his letters relate back to the death of the intestate and his acts as executor de son tort, though void, are thereby made valid. Shawnee Nat. Bank v. Van Zant, 84 Okla. 107, 202 P. 285. And it is said in 24 C. J. 1218, that "the true representative is bound by those acts of an executor de son tort which are lawful and such as the true representative would be bound to perform in the due course of administration." See, also, 21 Am. Jur. 844, § 844, to the same effect. And it has been held that the lawful representative can ratify and make valid by relation all those acts of the executor de son tort which would have been valid had he been the lawful administrator. Outlaw v. Farmer, 71 N. C. 31.

One of the statutory duties of an administrator is to defend actions against the estate of his intestate. In the instant case the act of Yates in appearing in the Supreme Court in the former case on revivor was among the duties of the true administrator. If Yates acted in good faith, without extrinsic fraud, the administrator was bound by the results.

Here the defendant had the right to attack the judgment in question on the ground of extrinsic fraud, for the validity of that judgment was necessary to the maintenance of the action by the administrator to cancel the deeds. But there is nothing in the record to indicate that Yates did not properly represent the estate before the Supreme Court; nor is there anything to indicate that the act of the present administrator in ratifying Yates' act was in any way the result of wrongful action on the part of anyone.

We hold, therefore, that the judgment in question was not rendered void by reason of the fact that the administrator against whom the judgment was entered was acting under a void appointment.

In the California case of Jordan v. Clausen, above, the administrator against whom the judgment was rendered and whose appointment was void was not an executor de son tort in the true sense of the term, for the reason that he was merely an interloper and usurper of the powers of a true executor theretofore appointed.

Defendant further asserts that the judgment in question was void for the reason that it fails to show proof of claim filed with administrator as required by law. Sections 1241, 1243, O. S. 1931, 58 Okla. Stat. Ann. §§ 341, 343; Bilby, Adm'r, v. Hart-Parr Co., 102 Okla. 53, 226 P. 360; Walker Drilling

Co. v. Carlew Drilling Contractors, 109 Okla. 7, 234 P. 598.

The claim in this case grew out of a tort. In such case a claim does not have to be presented to the administrator where the debtor dies during pendency of the action. Gragg v. Pruitt, 179 Okla. 369, 65 P. 2d 994. We there held as follows:

"Section 1243, O. S. 1931 (58 Okla. Stat. Ann. § 343), requiring the presentation of claim to the administrator of the estate of a person who dies during the pendency of an action against him, relates only to claims arising upon contract."

It was stipulated by the parties that the judgment was rendered in an action ex delicto.

There is the further assertion that the judgment rendered on mandate, the judgment here attacked, was void for the reason that it shows no date of entry, and bears no date, except the filing date, and does not show that it was entered in open court, or at a term thereof, and shows no appearances, and no notice to the parties.

We find no merit in this contention. In such case, where the judgment is pronounced by the Supreme Court and the cause remanded with directions to enter judgment accordingly, the duty of the trial court is merely to enter judgment as directed. See Board of Education, etc., v. Philadelphia Fire & Marine Ins. Co., 156 Okla. 7, 9 P. 2d 737. Where the court's only duty is to enter judgment as directed, the litigants need not be notified. Cullins v. Overton, 7 Okla. 470, 54 P. 702.

Referring now to the issue of fraudulent conveyance, the trial court found that there was no consideration of any kind for the deeds, and that they were executed for the purpose of hindering, delaying, and defeating the debt owed to the Munsell estate, and it was stipulated that without the land conveyed the Barrett estate was insolvent.

The findings of the court and the judgment based thereon are not against the clear weight of the evidence, and the facts were sufficient to warrant cancellation of the deeds (sec. 1201, O. S. 1931, supra; secs. 10007 et seq., O. S. 1931, 24 Okla. Stat. Ann. § 5 et seq.).

The judgment of the trial court is affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, and DAVISON, JJ., concur.