## PENN v. WHIDDEN.

### No. 260.

Municipal Court of Appeals for the District of Columbia.

April 16, 1945.

Ben Lindas, of Washington, D. C., for appellant.

Harvey C. Beavers, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Action was brought by appellee as administrator for an accounting of amounts collected by appellant while the latter was employed as housekeeper in the operation of a rooming house during a brief period following the decease of appellee's mother, the intestate. The court's finding and judgment thereon were for plaintiff, and defendant has appealed.

The intestate died November 8, 1942. The only asset of her estate was the rooming house business, including furniture later valued at $500 in a petition for administration. A week after her death her son, who lived on the premises and continued to operate the business, employed appellant as housekeeper. The exhibits show, however, that she actually conducted the business, collecting and receipting for rents in her own name, paying the house rent and other expenses, and furnishing meals to the son and to his son.

Seven weeks after appellant was employed she purchased the business and furniture for $600. She was credited with a down payment of $100 on the purchase price. This was an allowance for meals furnished during the seven weeks prior to the sale. The remaining $500 was to be paid at the rate of $25 per month, beginning February 15, 1943. The son reserved an option to retain his quarters in the house, during which occupancy appellant was to be credited the $25 per month on her purchase price until the balance of $500 was paid. The installment payments have been made, but the record does not disclose the medium.

Apparently no immediate claim was made on appellant for the net income of the business for the seven weeks preceding the sale. It does not appear when the disposition of moneys accruing from the business during that period was first discussed.

In December, 1943, appellee was appointed administrator of his mother's estate. His petition alleged that the only asset was household furniture valued at $500. In March, 1944, he filed this suit.

Appellant claims (1) that her contract was made with appellee individually and may not be sued on by him as administrator; (2) that the sale of the business extinguished the claim for an accounting for the prior period.

Appellant's first contention ignores the general rule of law that where one has so conducted himself, as here, by the management of a business and the sale of assets belonging to a decedent, that he becomes an executor de son tort, his subsequent appointment as administrator relates back to the death of the intestate. "His later appointment validates any previous acts which would have been valid if done after his appointment."[1] "His acts as executor de son tort, though void, are thereby made valid."[2]

In Sellers v. Licht, 21 Pa. 98, the administratrix, widow of the deceased, after her appointment, was held entitled to recover in her representative capacity deferred payments on property sold by her individually prior to her appointment.

Appellee's employment of appellant to assist in carrying on the business formerly conducted by the deceased, thus preserving an asset of the estate until a sale could be had, was validated by his later appointment and rights under the agreement of employment were enforceable by or against him as administrator.[3]

Whether in the sale of the business to appellant the parties settled her obligation to account for moneys she had collected in managing the same business was a question of fact. In the transfer of a "business," moneys on hand may be included if this is the intent of the grantor at the time of the transaction.[4] Appellant's counsel has carefully marshaled the various circumstances creating an inference that it was not intended that appellant should render such an account. De-

[1] Scoville v. Vail Investment Co., 55 Ariz. 486, 103 P.2d 662.

[2] Barrett v. Steele, 189 Okl. 501, 117 P.2d 1020.

[3] See 34 C.J.S., Executors and Administrators, § 1067; Annotation, 26 A.L.R. 1359.

[4] In re Friedrichs' Estate, 107 Cal. App. 142, 290 P. 54; In re Hohn's Estate, 180 Miss. 384, 40 N.Y.S.2d 237.

ductions or inferences from admitted facts are, however, ultimate facts which it is the province of the trial judge to determine. Here there are indications that the sale was intended as a final settlement between the parties, or at least that the parties so regarded it. But the evidence is by no means conclusive, and there is no evidence in the record that there was any express understanding on the subject or that it was discussed when the sale occurred.

 Appellant admitted having collected moneys in the course of her employment. This made it incumbent on her to show that her liability to account was discharged, to do which she relied upon the subsequent sale transaction. Unaided by the terms of the contract[5] her evidence was wholly circumstantial, and while it may strongly suggest that this claim against her was an afterthought, that does not necessarily imply that it was unfounded.

Affirmed.

---

[5] While the statement of proceedings and evidence states that the sale was of the "business and furniture" the written contract, which we brought up under our Rule 32(c), refers only to the furniture.